CHARLES E. MINOR vs. E. C. STAPLES.

Cumberland.   Opinion August 4, 1880.

*Innkeeper.   Bath house.*

One who keeps an inn, and also, separate from the inn, keeps a bath house where persons bathing in the sea change their garments and leave their clothes, is not chargable as innkeeper for property stolen from the bath house.

ON REPORT from superior court, Cumberland county.

An action to recover of the defendant, the proprietor of the Old Orchard House, at Old Orchard beach, as inn keeper, for money, watch, chain and ring of the plaintiff, of the agreed value of two hundred and eighty-seven dollars and seventy-five cents, stolen August 20, 1877, from a bath house, kept by the defendant on the sea shore, where persons, bathing in the sea, change their garments and leave their clothes, and where the plaintiff left his clothes, and the money and jewelry which were stolen while he was absent bathing.   The plaintiff was at that time a guest at defendant's inn.

*C. P. Mattocks,* for the plaintiff.

*W. L. Putman,* for the defendant.

WALTON, J.   The question is whether one who keeps an inn, and also keeps a bath house separate from his inn, is chargable, as innkeeper, for property stolen from the bath house.   We think he is not.   It seems to us that the keeping of the inn and the keeping of the bath house are separate and distinct employments, and involve separate and distinct duties and liabilities.   One may be an innkeeper without being a bath house keeper, or he may be a bath house keeper without being an innkeeper; or the same person may engage in both employments; just as a livery stable keeper may also be a common carrier of passengers; but we do not think his doing so will make him responsible in the one capacity for liabilities incurred in the other.   We are not now speaking of bath rooms attached to or kept within hotels, but of separate buildings, erected upon the sea shore, and used, not as bath rooms, but as places in which those who bathe in the sea

change their garments and leave their clothes, and other valuables, while so bathing. It seems to us that such an establishment is as distinct from an inn as a wharf or a boat house would be ; and that an innkeeper, as such, can no more be made responsible for property stolen from such a bath house than he could be for property stolen from a wharf, or a boat house, if he happened to be the keeper of the latter as well as the former.

This suit is against the defendant as innkeeper. The declaration avers that he kept a common inn, and received the plaintiff into said inn, together with his money, and a watch, and a chain, and a ring ; and that while the plaintiff was a guest therein, with his said money, watch, chain and ring, said property was wrongfully taken and carried away and wholly lost to him. Such are the material averments in the declaration. But the evidence shows that the property was taken from a bath house, standing upon the sea shore, or beach, at a considerable distance from the inn, while the plaintiff was absent bathing in the sea. We think there is a fatal variance between the allegations and the proof ; and that under such a declaration, and with such evidence, the plaintiff cannot recover. We do not find it necessary to consider, and, of course, we do not undertake to determine, what the rights and liabilities of the parties would be under a different declaration. All we mean to decide is that under such a declaration, and with such evidence, the action is not maintainable.

*Judgment for defendant.*

APPLETON, C. J., VIRGIN, PETERS, LIBBEY and SYMONDS, JJ., concurred.