DILBERTO *v.* HARRIS.

| 95 571 |
| Case 2 |
| 126 535 |

SIMMONS, J.—The proprietor of a barber-shop kept for public patronage is liable to a customer for the value of his hat, which was deposited on a hat-rack in the shop and which, while the customer was being shaved, disappeared from the shop and was thus lost, such proprietor being, under these facts, a bailee for hire as to the customer's hat.            *Judgment affirmed.*

BLECKLEY, C. J., dissenting.—It hath never happened from the earliest times to the present, that barbers, who are an ancient order of small craftsmen serving their customers for a small fee, and entertaining them the while with the small gossip of the town or

village, have been held responsible for a mistake made by one customer whereby he taketh the hat of another from the common rack or hanging place appointed for all customers to hang their hats, this rack or place being in the same room in which customers sit to be shaved. The reason is, that there is no complete bailment of the hat; the barber hath no exclusive custody thereof, and the fee for shaving is too small to compensate him for keeping a servant to watch it. He himself could not watch it and at the same time shave the owner. Moreover, the value of an ordinary gentleman's hat is so much in proportion to the fee for shaving, that to make the barber an insurer against such mistakes of his customers would be unreasonable. The loss of one hat would absorb his earnings for a whole day, perhaps for many days. The barber is a craftsman laboring for wages, not a capitalist conducting a business of trade or trust.

October 15, 1894. Argued at the last term.

*Certiorari.* Before Judge BARTLETT. Bibb superior court. November term, 1893.

The suit was on an account for " one black derby hat of the value of $5." Plaintiff testified, that he entered defendant's barber-shop to be shaved, and gave his coat and hat to a little boy who placed them on the rack with coats and hats of other men being shaved. After being shaved, plaintiff discovered that his hat had been taken and another like it but of different size left in its place. On defendant's attention being called, he stated that he would use every effort to recover the hat taken. Some days afterward, plaintiff called on defendant, and finding that his own hat had not been recovered, and that the other was still in defendant's possession, demanded that defendant either get him another hat or pay him the value of it; which was refused. Plaintiff paid $5 for a hat he bought to replace the one he lost. Defendant testified, that he had no control of the missing hat, and that it was not delivered to him nor to the boy (who was not in the shop when plaintiff came in), but was put on the rack by plaintiff. Defendant and his employees were then engaged in shaving customers, all the chairs being occupied. As soon as one was va-

cated, plaintiff took it and was shaved, and upon leaving it, claimed that his hat was not among those left on the rack.

Verdict for plaintiff was sustained on *certiorari*.

FREEMAN & GRISWOLD, for plaintiff in error.