Coös,  
Dec., 1895.

AMEY *v.* WINCHESTER.

BUCKLEY *v.* SAME.

The responsibility of an innkeeper for the goods of his guest does not extend to one who is at the inn for some special purpose not connected with passage or travel.

CASE, against an innkeeper, by each plaintiff for the loss of his hat. Facts found by the court. Near the entrance to the dining-room of the defendant's hotel in Manchester, he has a rack on which his guests are invited to deposit their hats while eating their meals. On the evening of January 8, 1895, he provided in his dining-room a banquet for a club, under a contract by which the club agreed to pay a specified sum for each plate. About one hundred persons, mainly residents of Manchester, attended the banquet. The plaintiffs were not members of the club. They arrived at the hotel that evening, registered their

names, and were assigned a room, which they occupied. They attended the banquet by invitation of the club, which paid for their plates. On entering the dining-room, they, in common with others, deposited their hats on the rack. About eleven o'clock they left the banquet, intending to return before it closed, and without taking their hats went to their room, where they remained more than an hour. On their return they found the banquet ended, the doors of the dining-room closed, and their hats missing. They lodged at the hotel that night, and the next morning demanded their hats of the defendant, who was unable to produce them and refused to pay for them. There was no actual negligence on the part of the defendant.

*Drew, Jordan & Buckley*, for the plaintiffs.

*Isaac L. Heath* and *Ladd & Fletcher*, for the defendant.

BLODGETT, J. To subject the defendant to liability as innkeeper, it must appear not only that the plaintiff's goods were lost at his inn, but that he was acting in the capacity of innkeeper when the goods were lost, and that the plaintiffs were his guests; or, in other words, that the plaintiffs were at the inn for purposes which the common law recognizes as the purposes for which inns are kept, namely, the accommodation and entertainment of travelers and wayfaring men, and not for those who may be there for some special purpose not connected with passage or travel. *Calye's Case*, 8 Co. 32, and note; *Carter v. Hobbs*, 12 Mich. 52,—83 Am. Dec. 762; *Fitch v. Casler*, 17 Hun 126; *Gastenhofer v. Clair*, 10 Daly (N. Y.) 265, 266; 11 Am. & Eng. Enc. Law 20, 21; 62 Am. Dec. 590, note.

Upon the facts as reported, we think the rigorous rule that makes the landlord of an inn responsible for the goods of his guests under almost all circumstances, and without proof of negligence or fault on his part or of those in his employ, cannot be extended so as to protect the plaintiffs, for as to the banquet where the loss occurred, and which they attended on the invitation and at the expense of the club, the plaintiffs are justly to be regarded as its guests, and not of the defendant, as innkeeper or otherwise, who simply provided the banquet as caterer under a contract with the club, without any lien or claim for compensation against its guests, and with no right or power to exclude anybody from participating in its festivities whom the club might properly invite.

Neither by contract nor by operation of law was the defendant acting in the character of innkeeper as to the club, and still less as to its guests, who would have had no right whatever to attend except upon its invitation. Both the club and its guests

came not as ordinary travelers to an inn, but as to a banquet, for the purpose of participating in and enjoying its festivities. And likewise as to both, the fact that the defendant chanced to be keeping an inn and served the banquet there makes his liability no greater than that of any other person, not an innkeeper, who might have taken and executed the contract either at the inn or elsewhere. One may be an innkeeper without being a club caterer, or he may be a club caterer without being an innkeeper, or he may be both; but if he is, the two employments are so far separate and distinct in respect of duties and liabilities as not to make him responsible in the one capacity for liabilities incurred in the other. See *Miner* v. *Staples*, 71 Me. 316,—36 Am. Rep. 318.

Nor does the fact that the plaintiffs had registered and been assigned a room in the inn affect the legal status of either party. As to the banquet where the loss occurred, " which was not furnished to the guests of the house and was not one of the meals provided for them," the plaintiffs' registration and assignment put them in no different position in a legal sense than they would have occupied if they had registered and obtained a room elsewhere, or if the defendant had served the banquet at some place separate from and disconnected with his inn.

Not having lost their property at the defendant's inn in the character of guests, but in the execution of a purpose distinct from their accommodation as guests, the plaintiffs' actions are not maintainable. Authorities *supra*.

Other grounds of defence need not be considered.

*Judgment for the defendant.*

CARPENTER, J., did not sit: the others concurred.