## WALPERT *v.* BOHAN.

1. If an innkeeper also conducts a bath-house on the seashore where the general public, as well as guests at his inn, may obtain the use of bath-rooms and accessories to the bath, this is not sufficient to constitute the relation of innkeeper and guest between him and persons using such bath-house.

2. The proprietor of a bath-house, who for a consideration furnishes bath-rooms, bathing suits, and other accessories of the bath to those who desire to bathe in the sea, and also receives their money, jewelry, or other valuables for safe-keeping, is a depositary for hire in relation thereto, and is liable for any loss occurring from want of ordinary care on his part.

3. The allegations of the declaration were sufficient to withstand a general demurrer, and the sustaining of such demurrer was error.

Submitted June 11,—Decided August 17, 1906.

Complaint. Before Judge Seabrook. Chatham superior court. January 27, 1906.

Mrs. Walpert brought suit against William Bohan, alleging in substance as follows: Bohan was a resident of Chatham county, and was during the month of May, 1905, the proprietor and owner of a certain seashore inn called "Bohan's Pavillion," or "Bohan's Hotel," located on the island of Great Tybee, and was "at that time engaged at said place in the business of an innkeeper. In connection with said inn, and as a part of said inn, and as a part of his said business at said place as an innkeeper, said Bohan maintained a certain bath-house where he is and was at that time accustomed to furnish for rent or hire to such of his guests and the general public, who desired to enjoy the pleasure and benefits of sea bathing, bath-rooms, bathing-suits, and other bathing accessories." On May 11, 1905, "petitioner, along with several friends, desiring to enjoy the entertainment of said inn, and the pleasure and advantages of sea-bathing, paid to the said William M. Bohan the charges or hire therefor, and became and were the guests of said inn and of the said William M. Bohan as such innkeeper, and as such were guests and were received as such therein and thereat; that in said bath-house, a part of said inn, as aforesaid, is a certain public room or office in charge of a keeper or attendant as the servant, agent, and direct representative of the said William Bohan, . . who furnishes to guests, for hire, such bathing-rooms, towels, etc., as is required for sea-bathing, and assigns them to bath-rooms

in said inn or bath-house; and receives from said guests for safe-keeping, while they are bathing in the sea and not occupying their said rooms, such articles, jewelry, money, and other valuables as they may have, so that the same shall not be lost or stolen from their bath-rooms while they are absent therefrom, and that posted in a conspicuous place and in full view of the public is a large printed or written sign or notice requiring the guests of said inn and bath-house to deposit with the keeper or custodian in charge of said office all moneys, jewelry, and other articles of value for safe-keeping, and warning them that upon failure to comply with this requirement the said innkeeper would be relieved of all liability for any losses sustained through theft, or otherwise." Petitioner, after having inquired of defendant's agent whether a deposit of her valuables would be safe, and being assured that they would be, and after having shown the same to such attendant and apprised him of their value, deposited with such agent of defendant a hand-bag containing a small sum of money and a diamond brooch and ring of the value of $700, receiving a check therefor. This deposit of valuables was made along with those of one of petitioner's party of friends accompanying her, and a single check issued for the property of both. After returning from her bath, Robinson, "acting for himself and petitioner," presented the check and received the hand-bag, when upon examination it was found that "petitioner's hand-bag or purse had been entered" and the diamond brooch and ring taken therefrom. It was opened in full view of the attendant in charge, and the loss immediately reported to this agent of defendant. Petitioner demanded of defendant compensation for her loss, and the defendant refused to pay the same. Petitioner's loss was not occasioned by any fault or neglect on her part, but occurred through the neglect "of the said William M. Bohan, innkeeper, his servants, agents, employees, and representatives, as aforesaid." The petition prayed for a judgment for $700 and costs; and for process. The defendant filed a general demurrer, which was sustained, and the plaintiff excepted.

*Alexander & Edwards,* for plaintiff.

*O'Connor, O'Byrne & Hartridge,* for defendant.

LUMPKIN, J. (After stating the foregoing facts.)

If one keeps an inn, and also, separate from the inn, keeps a bath-house where persons bathing in the sea change their garments

and leave their clothes, he is not chargeable as an innkeeper for property stolen from the bath-house. Minor v. Staples, 71 Me. 316. In the opinion in this case it is said: "We are not now speaking of bathrooms attached to or kept within hotels, but of separate buildings, erected upon the seashore, and used, not as bathrooms, but as places in which those who bathe in the sea change their garments and leave their clothes, and other valuables, while so bathing." In Schouler's Bailments and Carriers (3d ed.), § 280, it is said: "One who keeps a public house may, not inconsistently, carry on a restaurant, cater to a select company, serve liquors at a bar, keep a shaving saloon, or permit outside parties to get up a ball on his premises; and, as to strangers who avail themselves of such extraneous service, he is no innkeeper at all." It is true that the declaration alleges in general terms that in connection with the inn, and as a part of it, and as a part of his business at that place, the defendant maintained a certain bath-house where he was accustomed, for rent or hire, to furnish to such of his guests and the general public as desired to enjoy the pleasure and benefits of sea-bathing, bath-rooms, bathing-suits, and other bathing accessories. It does not appear, however, that the bath-house was physically connected with the inn, or was for the use of guests as such, or that becoming a guest at the inn entitled one to use the bath-house, or that conducting it was an actual part of innkeeping; but apparently it was a separate and distinct building on the seashore, where the general public, whether guests of the inn or not, could for hire obtain dressing-rooms, and other accessories of sea-bathing. We do not think this was sufficient to show that the relation of innkeeper and guest existed between the proprietor of the bath-house and those who went there for the purpose of bathing in the sea. Although the proprietor of the bath-house may have also been an innkeeper, operating the bath-house, it did not thereby become a part of the innkeeping. When the facts set forth show that the defendant, in reference to the transaction under consideration, is not an innkeeper, merely to call him by that name in the pleading does not determine his liability as that of an innkeeper. Ancient common-law definitions of an inn are not altogether applicable to modern conditions and methods of travel and innkeeping. Thus Lord Bacon defines an innkeeper to be "a person who makes it his business to entertain travellers and passengers, and to provide lodg-

ings and necessaries for them and their horses and attendants." Bac. Abr. title Inn and Inn Keepers B.    Few now travel with horses and attendants; nor is the entertainment of transient customers confined to actual travellers.    A very good definition of an innkeeper at present is, "one who regularly keeps open a public house for lodging and entertaining transient comers, on the general expectation of his suitable recompense."    Schouler's Bailm. §§ 279, 303.    If the proprietor of a hotel should also furnish, for' hire by his guests and others, boats for rowing and sailing on a river or lake, or should maintain a public race-course or golf-links or a baseball park, where all could enter by paying an admission fee, these things would evidently not be a necessary part of keeping an inn, although they might furnish attractive sports' · which would give pleasure to guests and others.    See *Bonner* v. *Welborn,* 7 *Ga.* 296, 304, et seq.; 16 Am. & Eng. Enc. L. (2d ed.)· 509.

2, 3. While this is true, we think the presiding judge erred in dismissing the petition on general demurrer.    In Bird *v.* Everard, 4 Misc. Rep. (N. Y.) 104, it was held that the proprietor of a bathing establishment who receives from his patrons the sum demanded for the privilege of a bath, and assumes the custody of their wearing apparel while the latter are enjoying the privileges thereof, becomes a voluntary custodian of the patrons' apparel for profit, and is bound to exercise due care to guard against loss or theft by others having access to his establishment with his permission; and for any loss or theft which could have been prevented by the exercise of such care, said proprietor is answerable in damages. See also Bunnell *v.* Stern, 122 N. Y. 539; Tombler *v.* Koeling, 60 Ark. 62, 46 Am. St. Rep. 146; *Dilberto* v. *Harris,* 95 *Ga.* 571; 7 Am. & Eng. Enc. L. (2d ed.) 321, 322, and notes.    The proprietor of such an establishment, who receives the apparel or valuables of a bather for safe-keeping while the customer is bathing, and receives a consideration for this and the use of the bathroom or dressing-room and accessories to the bath, being a bailee for hire, is bound to use ordinary care, and is liable for a failure to do so. The declaration sufficiently alleged negligence on the part of the defendant or his agent, and was not subject to a general demurrer.

*Judgment reversed.    All the Justices concur, except Fish, C. J., absent.*