LOEB COMPRESS CO. v. I. G. BROMBERG & CO. et al.

(Court of Civil Appeals of Texas. Dallas. Oct. 21, 1911.)

1. BAILMENT (§ 14*)—COTTON COMPRESS COMPANIES—DUTY.

Storage of cotton delivered to a compress company being an incident to its compression, the company was bound to use ordinary care in such storage.

[Ed. Note.—For other cases, see Bailment, Cent. Dig. §§ 45–56; Dec. Dig. § 14.*]

2. NEGLIGENCE (§ 56*) — LIABILITY — PROXIMATE CAUSE.

To be actionable, negligence must proximately cause injury.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 69, 70; Dec. Dig. § 56.*]

3. TRIAL (§ 253*)—INSTRUCTIONS—IGNORING ISSUES.

In an action against a compress company for loss of cotton by fire, an instruction authorizing recovery if the company or its watchman was negligent was improper, as ignoring an issue that the presence of a watchman using proper care would not have avoided the loss.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 613–623; Dec. Dig. § 253.*]

4. APPEAL AND ERROR (§ 882*)—INVITED ERROR—INSTRUCTIONS.

In an action against a compress company for loss of cotton, requests for instructions that any bad condition of fire hose kept by the company would not make it liable, unless the condition contributed to the loss, and that, though the company was negligent, plaintiff could not recover if guilty of contributory negligence, etc., did not invite error in an instruction which authorized recovery if the company or its watchman was negligent, regardless of whether the presence of the watchman would have avoided the loss.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3602–3604; Dec. Dig. § 882.*]

5. RAILROADS (§ 455*)—FIRES—NEGLIGENCE.

If the danger of a locomotive setting out fires is greater under use of coal as fuel than when fuel oil is used, and a person of ordinary prudence, situated as defendant railway company was, would have used fuel oil, and if sparks were emitted from defendant's engine, setting out a fire which destroyed plaintiff's cotton, plaintiff could recover.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1672; Dec. Dig. § 455.*]

Appeal from District Court, Wood County; R. W. Simpson, Judge.

Action by I. G. Bromberg & Co. against the Loeb Compress Company and others. From the judgment, the Compress Company appeals. Reversed and remanded.

Young & Stinchcomb, for appellant. Henri L. Bromberg, Etheridge & McCormick, Wm. Thompson, Geo. S. Wright, and Stafford, Geddie, Jones & Jones, for appellees.

BOOKHOUT, J. Appellees I. Bromberg & Co., a firm composed of I. G. Bromberg and E. Mayer, filed this suit in the district court of Wood county against the appellant, the Loeb Compress Company, and the appellees the Texas & Pacific Railway Company, the National Union Fire Insurance Company, of Pittsburg, Pa., and the Home Insurance Company, of New York, defendants, for the sum of $5,520.71, the alleged value of 122 bales of lint cotton destroyed by fire at Mineola, Tex., on April 3, 1909. As there are several appellees and the Loeb Compress Company is the only appellant, we will, in this opinion, denominate I. G. Bromberg & Co. as "appellee" and the Loeb Compress Company as "appellant," and when necessary to mention either of the other defendants we will do so by name.

The appellees alleged in their petition, substantially, that on April 3, 1909, they were the owners of 122 bales of lint cotton, aggregating 60,501 pounds, of the reasonable market value of 9⅛ cents per pound, or a total value of $5,520.71, and that the same was on said date destroyed by fire as a result of the negligence of the appellant and the Texas & Pacific Railway Company. The plaintiff charged a separate character of negligence on the part of the appellant and of the Texas & Pacific Railway Company, each, as follows: That the Texas & Pacific Railway Company carelessly and negligently permitted sparks of fire to escape from its engines and ignite the cotton, and that the cotton was destroyed by fire as a result thereof; that the appellant had the cotton in possession for compression, holding, and loading, and negligently permitted the same to be unguarded and without fire protection, and that the destruction by fire resulted therefrom. The plaintiffs in their petition alleged that the defendants National Union Fire Insurance Company and the Home Insurance Company had insured said cotton in the sum of $2,000 each, and made the said insurance companies defendants in the suit, so that their rights could be protected in the litigation.

The appellant answered the plaintiffs' petition by a general demurrer, general denial, and specially answered that it was understood and agreed that it did a compressing business only, and that it would not store cotton, or be responsible for loss thereof by fire or otherwise; that it was a recognized custom and rule, well understood by the plaintiffs and appellant's other patrons, that it was not in the warehouse business, and would not be responsible for loss or damage to cotton by fire or otherwise, and that the plaintiffs carried their cotton to the appellant's compress with such understanding; that the plaintiffs had full knowledge of all the surroundings of the appel-

---

lant's plant, knowing that it was necessary for the locomotives of the Texas & Pacific Railway Company, the International & Great Northern Railroad Company, and the Missouri, Kansas & Texas Railway Company, to be operated and pull trains by and in close proximity to the compress and platform of the appellant; that there was a box factory and gin plant near thereto, and that the plaintiffs well knew all of the means and provisions that the appellant made and maintained for the prevention of fire and the extinguishment thereof; that with all of this knowledge the plaintiffs left their cotton exposed on the platform and under the shed of the appellant, paying nothing therefor, for a period of nine days, knowing at the time that there was a gale of wind with fearful velocity blowing from the south, across the railroad tracks of the said railway companies, toward and against the cotton of the plaintiffs, and that the said plaintiffs were guilty of contributory negligence in so doing; and that they assumed the risk of damage or destruction by fire in leaving their cotton on the appellant's platform and under its shed, knowing the circumstances as they did.

The defendants the National Union Fire Insurance Company and the Home Insurance Company filed answers, setting up that each of them had insurance on the cotton sued for, and that they had paid the insurance, and that they were subrogated to the rights of the plaintiffs, and asked for a judgment against the appellant and the Texas & Pacific Railway Company. The appellant filed answers to the pleadings filed by the two insurance companies, which consisted of general demurrers to their said pleas, general denials, assumed risks, contributory negligence, an understanding and agreement that the appellant was not to be responsible for loss by fire or otherwise, and that the plaintiffs had no right of recovery, and that the said insurance companies were only subrogated to the rights of recovery possessed by the plaintiffs. The defendant the Texas & Pacific Railway Company filed pleadings in avoidance of the charges made by the plaintiffs and the insurance companies. The insurance companies excepted to those parts of the answer of the appellant that charged that the said insurance companies had assumed the risk of destruction of the cotton by fire. The court overruled the demurrers of the appellant and the Texas & Pacific Railway Company to the pleadings of the plaintiffs and the insurance companies, but sustained the exceptions of the insurance companies to those parts of the appellant's answers that charged that the insurance companies had assumed the risk of damage by fire.

The cause was tried before a jury, and resulted in a verdict and judgment in favor of the plaintiffs and the insurance compa-

nies against the appellant as follows: In favor of the plaintiffs for $1,445.09; in favor of the Home Insurance Company for $2,000; and in favor of the National Union Fire Insurance Company for $2,000; and a judgment was rendered for the Texas & Pacific Railway Company. Appellant's motion for new trial having been overruled, it perfected an appeal.

[1] It is contended in the first assignment of error that the evidence by both plaintiff and defendants showed that there was no storage fees charged or asked or paid, and that said cotton was carried to the compress and compressed, and that the plaintiff was notified, and that he caused said cotton to be stored away under the shed of the defendant, without any leave or contract, with or from the defendant, and that he took out insurance policies on said cotton to protect same until the following September, and that he refused to sell said cotton, and that said cotton was left under said shed as an accommodation to plaintiffs, and was nothing more than a gratuitous bailment; that the fees paid were for compressing, loading, etc., and were the regular fees charged in the business of the compress, and were to be paid by the railroad companies, and were in no sense a remuneration for storing said cotton or protecting said cotton. And for this reason the trial court erred in overruling its motion for new trial.

The proposition presented is that, a reasonable time having elapsed after the compression of the cotton for it to be moved, and the plaintiffs having known of its compression and readiness to be moved, or being visited with such knowledge that they must necessarily have so known, and nothing being paid for the storage of said cotton, the appellant was a gratuitous bailee at the time of the fire, holding the cotton for the sole benefit of the plaintiffs, and was due only a slight degree of care toward the protection of the cotton, and the undisputed testimony shows that such care was exercised; therefore there should be no recovery by the plaintiffs or the insurance companies against the appellant. The court, in its charge to the jury, submitted the issue as to whether or not the cotton was delivered to the Loeb Compress Company by I. G. Bromberg & Co. as a bailee for hire. The evidence shows that the compress company was about to make its last run of the season; that it had on hand not quite enough to make a full run for the compress; that Gregory, the superintendent, went to Bromberg's agent, Yancey, had a conversation with him, in which it was agreed that the compress would press the cotton, sample it, and store it away for safe-keeping. It is true that the evidence showed that I. G. Bromberg & Co. did not pay any specific sum or agree to pay any charge covering alone the storage of the cotton. But the compress company

·desired to press the cotton, because it would ·receive 50 cents a bale for the pressing from the railroad company whenever the cotton was sold and shipped from Mineola. If Bromberg & Co. did not agree that the cotton would be compressed, then the compress company could not hope to earn the 50 cents per bale which would have been paid to it by the railroad company when the cotton was shipped out of Mineola. Of course, the railroad company would have paid the compression charges out of the freight rates paid by the party shipping the cotton. The benefit accruing from this reciprocal bailment to Bromberg & Co. was that their cotton should be sampled, marked, stored, and protected, and the benefit to the Loeb Compress Company was that it should have the privilege of pressing the cotton, rather than have another compress at some other point along the line of the shipment enjoy this privilege and collect from the railroad company 50 cents per bale for the compression; also the charge for loading the cotton, which was to be paid by the railroad company. The storage of the cotton was an incident to its compression, and it was the duty of the compress company to exercise ordinary care in the storage of the same. Union Compress Co. v. Nunnally, 67 Ark. 284, 54 ·S. W. 872; Milliken v. Randall, 89 Me. 200, 36 Atl. 75; Sulpho Saline Bath Co. v. Allen, 66 Neb. 295, 92 N. W. 354; 1 Am. & Eng. Ann. Cas. 21; Woodruff v. Painter, 150 Pa. ·01, 24 Atl. 621, 16 L. R. A. 451, 30 Am. St. Rep. 786; Dilberto v. Harris, 95 Ga. 571, 23 S. E. 112; 5 Cyc. 185.

[2-4] The court in its charge instructed the jury as follows: "Now, if you have, under the foregoing instructions, found that the compress company owed to Bromberg & Co. the duty to use ordinary care to protect the cotton in question from destruction by fire, then if you find that said compress company failed to put a watchman to watch said cotton, and if you find that an ordinarily prudent and cautious person would, under the same or similar circumstances, have put a watchman to watch said cotton, or if you find that said compress company put a watchman to watch and protect said cotton, but if you find that such watchman, if any, on the occasion when the cotton caught fire was not using ordinary care to watch and protect said cotton from fire, then you will find for plaintiff Bromberg & Co. and the insurance companies the reasonable cash market value of the cotton destroyed." This charge is complained of as being prejudicial to the appellant, because it instructed the jury to find a verdict in favor of the plaintiffs and the insurance companies against the appellant; if they should find that the appellant, ·or its watchman, was guilty of negligence as therein specified, regardless of whether the cotton was destroyed as a result of said negligence or not, thereby invading the prov-

ince of the jury and deciding as ·a matter of law that the cotton was destroyed as the result of the act. It·is ·well settled by the decisions of this state that an act of negligence in itself does not constitute ground for recovery, unless such negligence proximately caused the injury for which the recovery is sought. This charge constitutes error. There was evidence sufficient to raise the issue that, had· a watchman been placed on the platform to watch the cotton, and had he used proper care, he could not possibly have kept the cotton from burning. This error is nowhere corrected in the charge and constitutes reversible error, unless it was invited by the charges requested by the other side. Appellees insist that if the charge constitutes ·error then the court was led into it by certain special charges requested by appellant, and is an invited error, and does not constitute ground for reversing the judgment.

The special charges which appellees insist invited the giving of this charge are special charges 1 and 2, as follows:

No. 1. "The bad condition of the fire hose kept by the Loeb Compress Company, if you find same was in bad condition, would not make the Loeb Compress Company liable, unless such bad condition, if any, of said fire hose caused or contributed to causing the loss of plaintiff's property."

No. 2. "If you find from the evidence that the Loeb Compress Company was guilty of negligence, either in the construction or maintenance of its plant, but you further find that plaintiff, I. G. Bromberg & Co., was guilty of contributory negligence, as charged by this defendant, in placing its cotton under the compress shed near the railroad tracks and engines of the railroads, and leaving it there during dry, windy weather, knowing or being reasonably charged with notice of its danger from fire, and should you further find that such contributory negligence on the part of the plaintiff contributed to the loss of (or) that without such contributory negligence (if any) on the part of the plaintiff, the loss would not have occurred, then you will find for this defendant as against the plaintiff and the insurance companies."

No. 1 was given, but No. 2 was refused. The only issue of negligence submitted by. the court was the failure to put a watchman to watch and protect the cotton, and failure of such watchman, if any, to use ordinary care on the occasion when the cotton caught fire to watch and protect it. By special charge No. 1, submitting the issue as to the circumstances under which the bad condition of the fire hose kept by the Loeb Compress Company would make the compress liable, the jury were expressly instructed that the bad condition of the fire hose kept by the compress company would not make the compress liable, "unless such bad condition, if any, of said fire hose caused or contributed

to causing the loss of plaintiff's property." In using this language, the court recognizes that the bad condition of the hose must have caused or contributed to the loss of property, and could not, in our opinion, have invited the error in the main charge. Nor do we think special charge No. 2 could have had that effect. This charge sought to have the issue of contributory negligence in storing the cotton under the compress shed near the railroad tracks, where the engines of the railroads were constantly passing, and leaving it there during the dry, windy weather, submitted to the jury, and instructs them that if these acts constituted contributory negligence, without which the loss would not have occurred, to find for defendant. We think it clear that the purpose and intent of this requested charge was to have the issue of contributory negligence submitted to the jury, and the trial judge could not have understood it as an admission that, if there was negligence in failing to put a watchman to watch the cotton, or the failure of the watchman to use ordinary care to watch and protect the cotton, such negligence caused the injury. See the concluding remarks of Judge Brown in the Sein Case, 89 Tex. 68, 33 S. W. 215, 558, and of Chief Justice Gaines in the Eyer Case, 96 Tex. 77, 70 S. W. 529.

[5] The plaintiffs Bromberg & Co. and the two insurance companies assign error to the court's refusal to give to the jury their requested charge as follows: "You are instructed that the uncontradicted evidence shows that the engines of the defendant the Texas & Pacific Railway Company use coal in their operation, and that engines that use fuel oil do not emit sparks of fire, and if you find and believe from the evidence that the dangers of setting out fires by the use of coal as a fuel is greater than when fuel oil is used, and that a person of ordinary prudence, situated and circumstanced as the Texas & Pacific Railway Company, would have used the fuel oil, instead of coal, in the engines, and you further find and believe from the evidence that sparks of fire from an engine of the Texas & Pacific Railway Company set out the fire which destroyed plaintiff's cotton, you will return a verdict for plaintiff and the defendant insurance companies, unless you find otherwise under the general charge of the court." The issue sought to have submitted in this charge was raised by both the pleading and evidence, and the action of the court in refusing the same was error, for which the judgment in favor of the Texas & Pacific Railway Company must be reversed. Morgan Bros. v. M., K. & T. Ry. Co. of Texas, 50 Tex. Civ. App. 420, 110 S. W. 978.

The judgment in favor of plaintiffs Bromberg & Co. and of the two insurance compa-

nies and the Texas & Pacific Railway Company is reversed, and the cause as to said parties is remanded.

Reversed and remanded.