167 So. 595

JOHNSTON v. MOBILE HOTEL CO., Inc.

1 Div. 228.

Court of Appeals of Alabama.

Feb. 25, 1936.

Rehearing Denied March 24, 1936.

[1] 231 Ala. 458.

Smith & Johnston, of Mobile, for appellee.

Dozier & Gray and Thos. A. Hamilton, all of Mobile, for appellant.

RICE, Judge.

Section 8316 of the Code requires every keeper of a hotel in a city to "provide himself with an iron chest, or other safe depository for the valuable articles belonging to his guests and customers, and * * * keep posted up on his doors and other public places in his house of entertainment, written or printed notices to his guests and customers, that they must leave their valuables with the landlord, his agent, or clerk, for safekeeping, that he may make safe deposit of the same in the place provided for that purpose."

Section 8318 of the Code provides that if the said hotelkeeper, above, "shall refuse or neglect to comply with the requirements of section 8316 * * * [he] shall, in all respects, be liable [for the loss of such valuables] as at common law."

In this case it is conceded that appellee, being the "keeper of a hotel in a city," had not, at the time of the matters complained

of, complied with the requirements of section 8316, above.

Appellant was, admittedly, a guest of the hotel; he testified that, while such guest, he was "held up and robbed," at the point of a gun, by two men, of the money and valuables on account of the loss of which he sues.

Both parties submit that the decisive question in the case is "whether or not an innkeeper (hotel keeper) is liable at. common law for a loss of money and valuables (or, of course, money *or* valuables) of his guest, occasioned by *robbery* within the inn, without negligence on the part of the innkeeper or his responsible agents."

 The· precise question does not seem to have been decided by the Supreme Court of our state. But—dictum or decision—if that court has given an indication of how it *would* decide the question, we consider ourselves bound to follow such indication. Code 1923, § 7318.

We deduce from the authorities the following principles which we declare:

1. Sections 8316 and 8317 of the Code, "being in derogation of the common law, must be strictly construed, and cannot be extended in their operation and effect by doubtful implication"; it being kept in mind that section 8317 is the one that provides. certain *exemption* from liability, upon compliance with the terms of section 8316. Lanier v. Youngblood, 73 Ala. 587.

2. Thus construed, *actual* notice to the guest of the fact that "money, jewelry, and valuables must be deposited in Office Safe, otherwise proprietor will not be responsible for any loss," cannot be said to be a compliance with the terms of section 8316. Lanier v. Youngblood, supra.

3. Nor can it be said to "take the place" of such compliance. Ib.

4. The negligence, vel non, of the innkeeper is not an issue in such a suit as this.· 14 R.C.L. p. 514; 32 C.J. 548.

5. At the common law an innkeeper, according to the. prevailing, or majority view, was liable absolutely, as an insurer, "for all goods of a guest lost in the inn, unless the loss happens by an act of God, or a public enemy or by the fault or negligence of the guest himself." 32 C.J. 548, 549, where the question is fully discussed.

6. The "prevailing, or majority," view set out just next above is the one that obtains in Alabama. Watkins v. Hotel Tutwiler Co., 200 Ala. 386, 76 So. 302, L.R.A. 1917F, 834.

7. The phrase "public enemy" is universally understood to mean some power with whom the government is at open war. It does not include robbers. 4 Words and Phrases, Second Series, p. 10; 6 Words and Phrases, First Series, p. 5787.

It is apparent the rulings properly presented here for review were not in accord with the principles of law we have set down above.

If appellant's testimony is to be believed, it is plain that his loss was neither caused by an "act of God" nor by "his own act." And since we have declared a "robber" not to be included in the phrase "public enemy," it appears that appellant was entitled to recover—should the jury believe his testimony. Watkins v. Hotel Tutwiler Co., supra.

It was therefore error to refuse to give to the jury at his request the general affirmative charge, with hypothesis, to find in his favor.

For the errors mentioned the judgment is reversed, and the cause remanded.

Reversed and remanded.