ELY et al. v. CHARELLEN CORPORATION.

No. 9859.

Circuit Court of Appeals, Fifth Circuit.

June 23, 1941.

David W. Dyer, of Miami, Fla., for appellants.

George W. English, Jr., Jesse Grantham, and J. B. Patterson, all of Fort Lauderdale, Fla., for appellee.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

The question on this appeal is: Did the negligence of the management of a hotel in Florida, which resulted in the loss of jewelry by its paying guest, entitle the guest to recover damages from the hotel company when the jewelry had not been deposited with it for safe-keeping?

On January 5, 1939, Herbert Ely and his wife, residents of Michigan, were paying guests of the Lauderdale Beach Hotel, located in Florida and operated by the appellee. On that date a quantity of jewelry belonging to Mrs. Ely was stolen from her room. This suit was filed against the appellee charging that its negligence in permitting the lock on the door of her room to remain unchanged for five days after the loss by the maid of the key thereto, and in failing to post a notice in the room of the regulations of the hotel and of Section 40, Chapter 16042, Florida Acts of 1933, directly and proximately caused the loss. The court below dismissed the complaint for failure to state a cause of action, and that judgment is the basis of this appeal.

The decision turns upon the construction of two Florida statutes. Section 38 of Chapter 16042, Florida Acts of 1933, authorizes every hotel proprietor to establish reasonable rules and regulations for the management of his hotel, requires every guest sojourning in the hotel to conform to the regulations so prescribed, and also provides that said rules shall be printed, and posted in each room, together with a copy of sections 40, 45, and 46 of said act. Section 40 of the act provides that the proprietor of a hotel shall, in no event, be liable for the loss of any jewelry belonging to any guest of the hotel unless the owner of the jewelry deposited it with the management of the hotel and received a written receipt therefor setting forth its value.

The jewelry belonging to Mrs. Ely was not deposited with the management of the hotel, and the court below in effect held that compliance with said section 40 was a condition precedent to a suit for damages for the loss aforesaid. Appellants contend that the provisions of said section 38 are mandatory and placed upon appellee the duty to post said notices in order to shift responsibility to appellants; that they were unaware that the Florida law imposed any such obligation upon them; that the innkeeper failed to perform its statutory duty to them by posting the notices; and that the failure of the innkeeper to comply with said section 38 denied to it the right to invoke the defense provided by said section 40, because that defense presupposes compliance with section 38.

There is no decision by the Florida Supreme Court construing these statutes, and our construction of them brings us to the same result as that reached by the court below. Said section 40 is a part of the same legislative act as said section 38, and must be presumed to have been enacted by the legislature of Florida with the provisions of section 38 in mind. Nevertheless, section 40 provides that, in no event, shall liability attach to the proprietor of a hotel for the loss of jewelry unless the deposit is made with the hotel, and a receipt taken.

No event or circumstance is excepted from the provision relating to jewelry, and this is important in the construction of the statute, because section 40 also provides that the proprietor shall not be liable for the loss of wearing apparel unless the loss proximately resulted from the negligence of the proprietor. Had the legislature intended to make an exception to the proprietor's freedom from liability in circumstances where the loss of jewelry proximately resulting from his negligence, whether or not a deposit with the hotel had been made, we think the legislature would have framed the statute so as to evidence such fact. On the contrary, the statute itself makes clear the intention of the legislature that liability shall not attach in a case such as this. The language is plain and the exclusion is complete.

The judgment of the district court is affirmed.