## ROBINSON v. GUNTER HOTEL CORPORATION.

### No. 11249.

Court of Civil Appeals of Texas. San Antonio.

June 30, 1943.

Rehearing Denied Aug. 4, 1943.

Geo. S. Dowell, of Austin, and J. B. Lewright, of San Antonio, for appellant.

Eskridge, Groce & Chiles and A. C. Lesher, Jr., all of San Antonio, for appellee.

MURRAY, Justice.

This is an appeal by Mrs. Nellie K. Robinson from a judgment of the 37th District Court of Bexar County ·denying her any recovery against the Gunter Hotel Corporation. The trial was to a jury and the judgment was based upon the answers of the jury to the special issues submitted.

Appellant first contends that the court erred in not granting her motion for judgment non obstante veredicto. We overrule this contention. The evidence shows that upon June 13, 1939, appellant registered at the Gunter Hotel and was given a room on the tenth floor, which she occupied as a paying guest of the hotel up to and including the time of the accident upon which this suit is based. Appellant was from Austin, Texas, and was chaperoning a number of girls from that city who were attending a meeting of a social organization known as "The Rainbow Girls." On the night of June 15, 1939, the Rainbow Girls and those in immediate charge of its affairs gave a dance in that part of the hotel known as "The Gunter Hotel Roof," for the exclusive benefit and enjoyment of its members and friends. Arrangements were made whereby no passenger elevators were to take on or discharge passengers on the mezzanine floor (on which floor the "Gunter Hotel Roof" was located) between 7:30 o'clock p. m. and 12 o'clock midnight on the night of the dance. Those arranging the dance were very anxious to see to it that no· uninvited persons attended, and by forcing all persons attending the dance to use the stairway from the first or ground floor to the mezzanine floor a better check could be kept and only those invited could gain admittance. Appellant left her room on the tenth floor of the hotel and took the elevator to the first floor and then climbed the stairway to reach the mezzanine floor. She was told before she reached the dance that no elevators would be permitted to take on or discharge passengers on the mezzanine floor during the dance. Appellant and the girls she was chaperoning left the

dance about 11:30 o'clock and were about to descend the stairway, in order to reach the first floor of the hotel, when some unknown person shoved appellant causing her to fall down the stairway to a landing, during such fall and by reason thereof she was severely injured.

A number of issues were submitted to the jury with reference to the alleged manner in which the hotel maintained the stairway, but such issues were answered adversely to appellant, and the jury found in effect that the stairway was properly maintained and was not defective in any particular.

Appellant contends, however, that the hotel company was guilty of a breach of contract in not furnishing her elevator service to and from the mezzanine floor and that such breach of contract directly caused her injuries. We do not agree with this contention.

■ It may be conceded that when the hotel management rented appellant a room on the tenth floor there was an implied contract to furnish her elevator service from the first floor to the tenth floor, but such implied contract would not prevent the hotel from renting its entire mezzanine floor to the "Rainbow Girls" and stopping all elevator service to that floor during their dance. Appellant did not attend the dance by reason of being a guest in the hotel, but by reason of being an invitee of the "Rainbow Girls." Appellant knew before she went to the dance that the "Rainbow Girls" and those making the plans had arranged with the hotel that there was to be no elevator service on the mezzanine floor during the dance, and that all persons desiring to attend the dance would be required to use the stairway. She acquiesced in this arrangement by taking the elevator to the ground floor and then climbing the stairway to reach the mezzanine floor. If appellant was dissatisfied with the arrangements which the "Rainbow Girls" had made she was at liberty to refuse to attend the dance. Being a guest on the tenth floor of the hotel and being a guest at the dance given by the "Rainbow Girls" were two separate, distinct and disconnected matters. Appellee had done all that was re-quired of it when it furnished a safe stairway, free from defects, by means of which the "Rainbow Girls" and their friends could reach the place where their dance was to be held, and there is nothing in the law that would require the appellee to also furnish elevator service. Especially is this true where those sponsoring the dance had requested that no elevator service be furnished. Amey v. Winchester, 68 N.H. 447, 39 A. 487, 39 L.R.A. 760, 73 Am.St.Rep. 614; Edwards Hotel Company v. Terry, 185 Miss. 824, 187 So. 518.

■■ Appellant next complains because the trial court refused to submit to the jury her specially requested issues Nos. One and Two. Such issues had for their purpose to inquire of the jury whether or not appellee was guilty of negligence on the night of June 15, 1939, and during the Rainbow Girls' dance in not furnishing appellant the use of its usual elevator facilities in going from the mezzanine floor to the first floor of the hotel, and whether or not such negligence was a proximate cause of appellant's injuries. We overrule this contention. The court submitted to the jury every issue that could possibly have any bearing upon the liability of appellee. The trial court submitted to the jury and the jury found that appellee was not negligent in failing to have a rubber mat on its stairway steps; that it was not negligent in failing to have its stair steps corrugated; that it was not negligent in failing to have a hand rail near the center of its stairway; that the stairway was not in an unsafe condition for ordinary use by guests; that the sole proximate cause of appellant's injuries was the shove she received on her back by some unknown person; and that the shove she received was a new and independent cause of her injuries. The judgment based upon these findings should not be disturbed.

■ There was no duty on the part of appellee, under all the circumstances, to furnish appellant elevator service to the mezzanine floor during the Rainbow Girls' dance and therefore the failure to so furnish it was not negligence as a matter of law.

The judgment is affirmed.