38399.   SOUTHERN AERO, INC. v. JORDAN.

DECIDED SEPTEMBER 7, 1960.

*Hamilton Lokey, Lokey & Bowden, Glenn Frick,* for plaintiff in error.

*Poole, Pearce & Hall, William F. Lozier,* contra.

GARDNER, Presiding Judge. It is the contention of the defendant that the car was parked under a gratuitous bailment. The plaintiff contends that it was not a gratuitous bailment but was a mutual benefit bailment requiring ordinary care, a higher standard of care than is required of a gratuitous bailee. The defendant contends that the bailment was for the exclusive benefit of the bailor and that there was no benefit flowing to the defendant as a result of the parking of the plaintiff's car. The defendant also contends that the defendant was under no obligation to anticipate that the employee McClung would drive away and wreck the car and that it would be too heavy a responsibility to hold the defendant liable for acts which would be unusual and unlikely to happen or only remotely and slightly probable. In support of this contention the defendant cites *Peggy Ann of Georgia, Inc. v. Scoggins,* 86 Ga. App. 109, 116 (71 S. E. 2d 89). This case is not on all fours with the case at bar and is not authority for the contention of the defendant that the case should be reversed. For the same reason *Merchants Nat. Bank of Savannah v. Guilmartin,* 88 Ga. 797 (15 S. E. 831, 17 L. R. A. 322) is not considered authority for reversal.

In modern business practices it has been found that free parking space is necessary in order to entice customers to shop in, for instance grocery stores and other places of business. It would seem that, if such facilities are not provided, customers would be lost to the place of business, and cars left in such enclosure would be of benefit to the proprietors of the businesses involved. In the instant case the evidence shows that a number of people who stored airplanes with the defendant also had cars which were left on the defendant's lot and the keys were left in the defendant's possession. There is nothing to indicate that this was not part of the structure for storing and use of the airplanes. The burden of proving the exercise of ordinary care was on the defendant. The evidence shows that the defendant had charge of the plaintiff's airplane and car and that the

defendant left the duty' of caring for these high-priced properties to high school boys. The verdict is not without evidence to support it. The trial court has approved the verdict. No error of law is assigned. Hence it was not error to overrule the motion for a new trial. See *Duggan v. Ware*, 30 Ga. App. 107 (117 S. E. 121). It has been many times held that a bailment exists where a mutual benefit is derived although no payment per se is made for the bailment. See *Dilberto v. Harris*, 95 Ga. 571 (23 S. E. 112) and *Walpert v. Bohan*, 126 Ga. 532 (55 S. E. 181, 6 L. R. A. (NS) 828, 115 Am. St. Rep. 114, 8 Ann. Cas. 89). See also *Goodyear Clearwater Mills v. Wheeler*, 77 Ga. App. 570 (49 S. E. 2d 184).

The trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. Townsend, Carlisle and Frankum, JJ., concur.*