Dalila Pardo de SARIC, et al.,
Plaintiffs-Appellants,

v.

MIAMI CARIBE INVESTMENTS,
INC., et al., Defendants-Appellees.

No. 74–1870.

United States Court of Appeals,
Fifth Circuit.

May 9, 1975.

F. Lawrence Matthews, Miami, Fla.,
for plaintiffs-appellants.

James S. Usich, Coral Gables, Fla., for
defendants-appellees.

**1014**

Before TUTTLE, COLEMAN and SIMPSON, Circuit Judges.

COLEMAN, Circuit Judge:

Appellants, Peruvian citizens, filed suit, in diversity of citizenship, against the corporate owner of a Miami hotel and against its Pennsylvania insurer. Recovery was sought for "negligent infliction of mental distress" [appellant's terminology] and for the value of property robbed of appellants while they were guests in the hotel on January 21, 1971.

After discovery and depositions the District Court granted a defense motion for summary judgment. .We affirm in part and, in part, vacate and remand.

Dalila Pardo de Saric and her daughter, Luz-Maria Saric, registered at the McAllister. They were assigned Room 1049, were escorted to that room immediately after checking in, remained in the room for some forty-five minutes to an hour, and upon opening the door to leave for the first time since registering were met by two masked robbers, one of whom was armed with a handgun.

By the menace of the gun the robbers forced their way into the room. There is no evidence that either of the victims were ever struck or jostled with the weapon. One of the intruders forced Luz-Maria Saric into the bathroom, where she fainted and fell to the floor. Upon regaining consciousness, she was examined by one of the robbers for hidden jewelry. Dalila Pardo de Saric was required to lie on the floor, with gun to her head, while jewelry, money, and travelers checks were taken from her purse.

During discovery the following interrogatory was propounded to Dalila Pardo de Saric:

"6. Describe the injuries you received in the incident described in said complaint, stating exactly what parts of the body were involved and the nature of said injury (whether it was a bruise, fracture of a bone, sprain, or otherwise)."

Dalila de Saric answered under oath:

"6. I injured my finger producing small cuts, taking my ring out from it."

Luz-Maria testified in her deposition that neither robber struck, hit, or abused her, that she received no physical injury as a result of the robbery, but she alleges that she suffered a traumatic neurosis accompanied by physical manifestations such as dyspepsia, trembling, hyperventilation, flatulence, and difficulty in swallowing.

Appellants have framed the appellate issues in the following language:

1. Whether mere impact, without signs or marks of physical injury, is sufficient to maintain an action for the negligent infliction of mental distress under the law of Florida.

2. Whether Florida statute § 509.111 applies to the facts of this case.

3. Whether the statute violates the Florida Constitution.

4. Whether the statute violates the equal protection clause of the Fourteenth Amendment.

The above mentioned Florida statute limits a hotel's liability for the loss of money or valuables by its guests to those items deposited with the hotel management in exchange for a written receipt stating the value of the property deposited.[1] The hotel is mandatorily required

---

1. Florida Statute, § 509.111 (1972):

 *509.111 Liability for property of guests and tenants*

 (1) The proprietor or manager of a hotel, apartment house, rooming house, motor court, trailer court or boarding house in this state shall, *in no event*, be liable or responsible for any loss of any moneys, securities, jewelry or precious stones of any kind whatever belonging to any lodger, boarder, guest, tenant or occupant of or in said hotel, apartment, rooming house, boarding house, motor court or trailer court, unless the owner thereof shall make a special deposit of said property and take a receipt in writing therefor from the proprietor or manager or a

to accept for safekeeping valuables aggregating no more than $1,000 in value. Liability for loss is limited to $1,000 unless the hotel voluntarily accepts a greater amount, Florida statutes, § 509.-111 (1972).

Florida law further requires a hotel to post notice of this limitation of its liability, Florida statutes, § 509.101.[2]

We shall discuss the issues in the order presented.

I

After the District Court decided this case, the Supreme Court of Florida decided Gilliam v. Stewart, 291 So.2d 593 (1974). ■ That decision, it seems to us, clearly reaffirmed the "physical impact"

---

clerk in the office of said establishment, which receipt shall set forth the value of said property; provided, however, that no proprietor or manager or clerk in the office of a hotel, apartment house, rooming house, motor court, trailer court or boarding house in this state shall be obliged to receive from any one lodger, boarder, guest, tenant or occupant of or in said hotel, apartment house, rooming house, motor court, trailer court or boarding house, a deposit of any money, securities, jewelry or precious stones of any kind whatever, exceeding a combined total value of one thousand dollars or shall he be liable in damages in a sum in excess thereof unless such proprietor, manager, or clerk accept voluntarily such chattels for safekeeping, having a combined total value in excess of one thousand dollars, then and in such event he shall be liable in damages in a sum equal to the damage sustained by such lodger, boarder, guest, tenant or occupant.

(2) The proprietor or manager of a hotel, apartment house, rooming house, motor court, trailer court or boarding house in this state, shall, in no event, be liable or responsible to any lodger, boarder, guest, tenant or occupant for the loss of wearing apparel, goods or other property, except as provided in subsection (1) hereof, unless it shall be made to appear by proof that such loss occurred as the proximate result of fault or negligence of such proprietor or manager or an employee thereof, and in case of fault or negligence he shall not be liable for a greater sum than one hundred dollars unless the lodger, boarder, guest, tenant or occupant, shall, prior to the loss or damage, file with the proprietor, manager or clerk of said establishment an inventory of his effects and the true value thereof, and such proprietor, manager or clerk is given the opportunity to inspect such effects and check them with such inventory; provided however, that the proprietor, manager or clerk of a hotel, apartment house, rooming house, motor court, trailer court, or boarding house in this state, shall, in no event, be liable or responsible to any guest, lodger, boarder, tenant or occupant for the loss of wearing apparel, goods or other property or chattels, scheduled in such inventory in a total amount exceeding five hundred dollars.

[This is the wording of the statute in effect at the time of the loss here in question. The statute was again amended in 1973].

2. Florida Statute.

*509.101 Proprietors or managers may make rules; maintenance of register*

(1) Every proprietor or manager of a public lodging or public food service establishment may prescribe and establish reasonable rules and regulations for the government and management of any such lodging or food service establishment, and its occupants and employees; and every lodger, boarder, guest, tenant, or person staying, sojourning, eating or employed in said lodging or food service establishment shall conform to and abide by said rules and regulations so long as he shall remain in or at said lodging or food service establishment. These rules and regulations shall be held or deemed to be a special contract and agreement between such proprietor or manager and each and every lodger, boarder, guest, tenant, employee or person staying or sojourning, ordering, eating, being served or using the facilities of or at any public lodging or food service establishment, and shall regulate, fix and control the liabilities, responsibilities and obligations of each, both and all parties. Any rules or regulations promulgated pursuant to this section shall be printed in the English language and posted together with a copy of §§ 509.111, 509.151, and 509.161 in each bedroom of lodging establishments and also in the office, hall or lobby of such lodging and food service establishments.

(2) It shall be the duty of all public lodging establishment operators to maintain at all times a register signed by or for guests who occupy rooms within the establishment, showing the dates upon which the rooms were occupied by such guests and the rates charged for their occupancy. This register shall be available for inspection by the division of hotels and restaurants at any time. Operators shall not be required to keep available registers which are more than two years old.

[As in effect at the time of the loss here in question].

rule theretofore prevailing in Florida, pursuant to which the summary judgment denying recovery for "mental distress" was correct.

## II

■ At common law, innkeepers were insurers of the property of their guests, and their liability was like that of a bailee. Since the innkeeper was being compensated for his services, he was a *bailee for hire* and thus subject to the standard of ordinary care, Adelphia Hotel Company v. Providence Stock Company, 3 Cir., 1922, 277 F. 905; Walpert v. Bohan, 126 Ga. 532, 55 S.E. 181 (1906). Many jurisdictions, including Florida, have limited an innkeeper's liability by statute. Enacted, as they were, in derrogation of the common law, these statutes have been strictly construed. Thompson v. Thompson, 218 U.S. 611, 31 S.Ct. 111, 54 L.Ed. 1180 (1910); Johnston v. Mobile Hotel Company, 27 Ala.App. 145, 167 So. 595 (1936), cert. denied, 232 Ala. 175, 167 So. 596; 73 Am.Jur.2d, Statutes, § 287; 40 Am.Jur.2d, Hotels, Motels, etc., § 153 (1968).

In its decision, the District Court apparently relied on Ely v. Charellen Corporation, 5 Cir., 1941, 120 F.2d 984. As it develops, this case is the last word in this Court or from the Florida Courts dealing with the issue which, thirty-four years later, now makes its second appearance.

In *Ely,* the plaintiff registered at a Florida hotel. Jewelry was stolen from her room. At that time, as today, Florida law provided that a hotel was not liable for the loss of valuables unless deposited with the hotel management [Chapter 16042 Florida Acts, § 40 (1933), the forerunner of the present § 509.111]. Also in effect at that time, as today, was a requirement that the hotel post notice of this and other rules, Chapter 16042 Florida Act, § 38 (1933). In *Ely,* as in the case *sub judice,* neither party complied with the statutes, in that the plaintiff left valuables in her room and the hotel had failed to post notice of its liability limitations.

The plaintiff argued that the hotel's obligation to post notice of the Act had to be met before the hotel could claim its benefits. This Court, in a one page opinion, held that because § 40 listed no exceptions, no liability would attach to the hotel proprietor for the loss of jewelry unless it was deposited with the hotel. We noted that § 40 provided that *in no event* would a hotel be liable for loss of goods not deposited with the hotel (emphasis ours). This same "in no event" language appears in the present statute. The statutes have been amended by the Florida legislature three times since *Ely,* always retaining the "in no event" phraseology which *Ely* held to be decisive regardless of whether the statutory notice had, or had not been, posted.

The outstanding, unreversed decision in *Ely* is binding on us.

In their brief, appellants state their position on this point as follows:

"As the plaintiffs had not yet deposited their valuables with the management at the time of the robbery, we have stipulated that if the statute applies to the facts of this case, and is constitutional, then the plaintiffs are barred from recovering for their loss of personal property. If, on the other hand, the statute does not apply, or is unconstitutional, then the defendants are strictly liable for plaintiffs' loss of personal property."

■ We are of the opinion that the statute does apply because it *refers to any loss,* which could apply to losses by robbery as well as from any other source. Accordingly, we cannot accept the argument that the statute applies only to items which guests have carelessly left in their rooms, subject to the possibility of theft.

This leaves only the constitutional argument.

Neither the pleadings nor the remainder of the appellate record explicitly indicate whether the Section 509.101 notice, in the form required in 1971, was posted, or not posted, by the hotel. The summary judgment, as would ordinarily

be true in such instances, made no finding on this point. Summary judgments depend on the absence of any genuine issue of material fact.

The appellants say that a failure to post the notices would render Section 509.111 violative of both the federal and Florida Constitutions and further argue that posting the notice was an affirmative defense, hence a failure to post must be assumed on summary judgment because the posting was not pleaded or shown.

It is a fact, however, that the answer filed on behalf of the hotel stated "that the hotel has no responsibility at all for the personal property of the plaintiffs in accordance with Florida statute, § 509.-111 which provides for the only conditions under which this defendant can be liable for personal property".

The plaintiffs did not counter this defense by motion to strike it for failure to post notices nor did it offer any proof by deposition or otherwise that the Section 509.101 notices had not been posted.

In a picture of the lobby, facing the elevators, (Appendix, p. 148) we note the following:

"HOTEL RULES

Between 11 p. m. and 7 a. m. registered guests only will be allowed to go up to the rooms."

This is followed by a statement of the Rule in Spanish.

So, at least some notices were posted.

In this state of the record we do not believe that the ends of justice would be served by our indulging in a factual assumption as to whether the statutory notice was, or was not posted. Moreover, the constitutional issues now raised were not submitted to (and thus not decided by) the District Court.

We vacate the judgment of the District Court insofar as it involved the alleged property loss. In that respect, we remand the case for its consideration of and judgment on the following points:

1. Were the statutory notices posted?

2. If not posted, does the interpretation rendered in Ely v. Charellen Corporation, *supra,* render the statute invalid under either the state or federal constitutions?

3. For such further proceedings as the resolution of these questions may make appropriate.

The judgment of the District Court denying recovery for personal injuries allegedly caused by mental distress is affirmed.

The judgment as to property losses is vacated and the cause is, in that respect, remanded for further proceedings not inconsistent herewith.