SOUTHERN KANSAS RAILWAY COMPANY OF TEXAS V. EDMUND BUTLER.

Decided June 20, 1910.

**1.—Evidence—Indefinite Statement.**

There is no rule of evidence which requires a witness to speak with such expressions of certainty concerning a fact as to exclude all doubt in his mind. If the fact is impressed on his memory, but his recollection does not rise to positive assurance, it is still admissible to be weighed by the jury.

**2.—Same—Case Stated.**

In a suit by a passenger against a railroad company for damages for permitting its passenger coach in which plaintiff was traveling to be and remain unheated in cold weather, the defendant offered the testimony of its conductor to the effect that while he could not remember the particular date, about the time referred to by plaintiff some one complained about the coach being cold and it was his recollection and best judgment that it was on that particular trip and that it was the plaintiff who made the complaint, and that he offered to assist her into a warmer coach, but she refused to go. To this testimony the plaintiff objected on the ground that it was not shown positively by the witness that he was speaking of the particular day in question. Held, the court erred in sustaining the objection.

**3.—Bill of Exception—Verity.**

A contention by an appellee that a bill of exception, regular in all respects, does not speak the truth, can not be considered on appeal.

Appeal from the District Court of Gray County. Tried below before Hon. F. D. Greever.

*Terry, Cavin & Mills* and *Hoover & Taylor,* for appellant.

*L. C. Barrett* and *J. M. Jones,* for appellee.

CONNER, CHIEF JUSTICE.—As tried, this was a consolidated suit

by Edmund Butler to recover damages because of an alleged negligent failure on appellant's part to properly warm and keep warm the passenger car in which appellee and his wife were traveling, which resulted, as appellee alleged, in numerous bodily and mental injuries, and for which he claimed damages to himself in the sum of two thousand dollars, and damages to his wife in the like sum of two thousand dollars. The trial resulted in a verdict and judgment for the full amount claimed.

We think the judgment must be reversed because of the error of the court complained of in the third assignment. The evidence tended to show that appellee and his wife were passengers as alleged, and that one, M. A. Wuner, was the conductor of the train. Appellee also offered evidence, among other things, tending to show that the car in which they were riding was very cold; that they made complaint thereof to the conductor and other of appellant's employees, in answer to which some of them replied to appellee's wife that there was coal, and if she wanted fire she could make it, the wife testifying that the reason she did not make such fire was that there was no kindling.

As appears from the bill of exception to the action assigned as error, appellant placed M. A. Wuner on the stand, who testified that he did not remember any particular date upon which complaint had been made, but he did remember that about the time alleged a party made complaint to him on the train about it being cold in the coach, and that he told said party that if they were cold for them to go with their family to another coach; that he would assist her into a coach that was warm and comfortable, but that she refused to go. The bill also shows that said witness "would have further testified that while he could not remember the particular date, that his recollection was, and his best judgment, that it was on this particular trip and that it was the witness, Mrs. Pearl Butler, and the witness would have so testified had he been permitted to do so." To which appellee's counsel "then and there duly objected because it was not shown positively by the witness that it was the day in question, and the court sustained said objection and ruled out said testimony."

We think the objection went to the weight of the testimony instead of to its admissibility. Appellant had pleaded contributory negligence on the part of appellee and his wife and the issue was submitted by the court both by general and special instructions. So that the offered testimony seems material both on the issue of contributory negligence and as tending to contradict the effect of appellees' testimony relating to the manner in which their complaints of cold had been received.

In 1 Greenleaf on Evidence, section 440, it is said that while a witness "must depose to such facts only as are within his knowledge, yet there is no rule that requires him to speak with such expression of certainty as to exclude all doubt in his mind. If the fact is impressed on his memory, but his recollection does not rise to positive assurance, it is still admissible to be weighed by the jury."

In the case of Simpson v. Brotherton, 62 Texas, 170, it is said (quoting from the headnote): "The fact that a witness can only give

his recollection of a conversation about the correctness of which he is not certain, or that he is able to detail only a part of the conversation, will not exclude his testimony; it becomes a matter for the jury in considering his credibility." In the case of Swinney v. Booth, 28 Texas, 114, a witness testifying to a material fact by deposition added: "This is my impression." It was held that the qualifying remark did not authorize the rejection of the testimony. That it might detract from the weight of the evidence, but could "certainly furnish no sufficient reason for its entire exclusion."

Appellee insists that the bill does not speak the truth, but this can not be indulged, and the suggestion that the witness Wuner did not "remember any complaint being made by Pearl Butler or anyone else on that day," adds nothing to appellee's argument in support of the court's ruling. The bill is in all respects regular and it shows, as stated, that the witness would have testified that "about the time in controversy such complaint was made," etc. It was for the jury to say whether the complaint of which he would have testified referred to the complaint of Mrs. Pearl Butler. But even if the witness made inconsistent or contradictory statements, the whole should have gone to the jury to be given such credence and weight as the jury might have seen proper to give it. We conclude that the court's ruling was erroneous and prejudicial and that the judgment should be reversed therefor.

A number of other assignments become immaterial in view of the foregoing conclusion, and hence need not be noticed. In view of the reversal, however, we should perhaps say that the seventh paragraph of the court's charge seems subject to criticism, but this, as well as other alleged errors not deemed reversible, will doubtless be corrected on another trial and we, therefore, need not add anything to what we have said. Judgment reversed and the cause remanded.

*Reversed and remanded.*