## FRANKLIN v. HOUSTON ELECTRIC CO. (No. 8873.)

(Court of Civil Appeals of Texas. Galveston. June 14, 1926.)

1. Carriers ⊂⇒314(2)—Petition held not to allege actionable negligence or proximate causal relation between motorman's failure to stop car and injury to intending passenger, struck by automobile.

Petition, in action against street railway company for injury to intending passenger, struck by automobile because of motorman's negligent failure to stop car as required by ordinance, held not to allege actionable negligence or proximate causal relation between negligence alleged and injury.

2. Negligence ⊂⇒60—Wrongdoer is not liable for remote damages from accident, not reasonably to be anticipated.

Generally, wrongdoer is answerable only for natural and proximate consequences of his fault, and not for remote damages resulting from accident or unusual circumstances not reasonably to be anticipated and beyond his control.

3. Negligence ⊂⇒6—One neglecting to perform statutory duty is liable to those benefited for injuries proximately caused, if such as legislation was intended to prevent.

Generally, one neglecting to perform specific duty imposed by statute or municipal ordinance is liable to those for whose benefit it was imposed for injuries proximately caused by such neglect, but injury must be such as legislation was intended to prevent.

4. Negligence ⊂⇒56(3).

Though violation of statute is negligence per se, there must be causal connection between unlawful act and injury to recover therefor.

5. Carriers ⊂⇒287(9).

Ordinance requiring that street cars be stopped at designated places to discharge and take on passengers held not intended to protect intending passenger from being struck by vehicle following street car as result of failure to stop.

6. Carriers ⊂⇒287(9)—Ordinance prohibiting drivers of vehicles from approaching nearer than 10 feet to stopped street car imposes no duty to stop car to prevent intending passenger from being struck by vehicle following it.

Ordinance prohibiting drivers of vehicles from approaching nearer than 10 feet to street car, stopped to take on or discharge passengers imposes no duty on street car company to stop car to protect intending passenger from being struck by vehicle following it.

Appeal from District Court, Harris County; W. E. Monteith, Judge.

Action by Albert Franklin against the Houston Electric Company. From a judgment of dismissal, plaintiff appeals. Affirmed.

J. R. Hill and Pritchett Harvey, both of Houston, for appellant.

Baker, Botts, Parker & Garwood, of Houston, for appellee.

LANE, J. This suit was brought by Albert Franklin, hereinafter referred to as plaintiff or appellant, against Houston Electric Company, hereinafter called appellee, to recover damages for personal injury alleged to have been suffered by him by reason of negligence on the part of appellee in not stopping its street car to take him on as a passenger, as required by law.

Plaintiff alleged that appellee owned and operated a street railway system in the city of Houston for the carriage of passengers for hire; that it operates its street cars over and

upon the streets of said city; that on about the 8th day of February, 1923, it was operating one of its cars on Canal street in said city; that it is substantially provided by sections 1287 and 1287h of the Code of Ordinances of the city of Houston that all street cars shall stop at the near side of all crossings or corners for the purpose of receiving and discharging passengers; that by section 1286 of said Ordinances it is substantially provided that a failure on the part of the driver of any vehicle, including street cars, to observe any of the provisions of the ordinances, should constitute negligence, and that, if any person should suffer injury by reason of such negligence, no further proof of negligence shall be required in a suit brought to recover for such injury; that a penalty is provided for the violation of such ordinances; that on or about the 8th day of November, 1923, plaintiff went to the place on Canal street where it intersects Shephard street, a place where the ordinances required appellee to stop its street cars for the purpose of taking on and discharging passengers, and where appellee had for a long time regularly stopped its cars to take on and discharge passengers; that at the time he went to said place to take passage on said car he was ready, able, and willing to pay the price charged by appellee for his passage, but that, notwithstanding his approach to said place and his willingness to pay for his passage, and notwithstanding that he signaled the operatives of one of appellee's cars which was approaching to stop and take him on, said operatives failed to stop said car for him, but to the contrary ran said car by where he was standing; that the movement of said car raised a large amount of dust; that following said street car was an automobile driven by some person unknown to appellant; that said automobile was driven against and over him, by reason of the fact that the dust raised by said street car prevented the driver thereof from seeing him in time to stop the automobile before it struck him.

He alleged that the operative of the street car knew that an automobile was following his street car, or that by the exercise of due care could have so known. He does not allege, however, that it was the duty of such operative to ascertain such fact before passing one offering to take passage on his car, or that such operative did in fact see the approaching automobile. He alleges that the acts of negligence pointed out on the part of the operative of the street car were the proximate cause of his injuries.

The court sustained a demurrer to the plaintiff's petition, and, upon plaintiff's refusal to amend, the cause was dismissed. The plaintiff has appealed, and insists that the court erred in sustaining the general demurrer to his petition.

[1, 2] We think the general demurrer was properly sustained. While it is true that,

had the operative of appellee's street car stopped his car and had permitted appellant to enter, he would not have suffered the injury complained of, it is made to appear on the face of plaintiff's petition that the failure of the street car operative to take him on as a passenger was not the proximate cause of his injury, but that such injury resulted from a cause intervening between the alleged negligence of the defendant and the damage sustained, to wit, the act of a third person in driving his automobile against plaintiff. The petition does not allege actionable negligence, nor does it allege any proximate causal relation between the negligence alleged and the injury

"As a general rule a wrongdoer is answerable for the consequences of his fault only so far as they are natural and proximate, and is not liable for consequences which arise from a conjunction of his fault with other circumstances which are of an extraordinary nature." 17 Corpus Juris, 750.

"A wrongdoer is liable only for damages as are the proximate result of his wrongful act and not for remote damages. Remote damages are such as are the result of accident or an unusual combination of circumstances which could not reasonably be anticipated, and over which the party sought to be charged had no control." 17 Corpus Juris, p. 715.

We think the trial court would have been justified in concluding that the accident shown by plaintiff's petition was an extraordinary one, one which is not in experience and observation of mankind the natural consequence of the act of negligence complained of. The accident occurring under the circumstances and in the manner alleged by the plaintiff was not such an accident as would usually occur under similar circumstances. It was not a probable occurrence, but a possibility only; one which would not, according to ordinary and usual experience, happen one time in one thousand.

As already pointed out, the striking of the plaintiff by the automobile was an intervening cause between the alleged negligent act of the operative of the street car and the injury. The two acts had no causal connection. The most that can be said is, that the alleged negligent act of defendant's servant was a remote cause of the accident complained of, one which, by the weight of authority, is held to be too remote to be classed as a proximate cause. South Side Passenger Ry. Co. v. Trich, 117 Pa. 390, 11 A. 627, 2 Am. St. Rep. 672; Perry v. Central Ry. Co., 66 Ga. 746; Chicago, St. Paul, Mpls. & Omaha Ry. Co. v. Elliott, 55 F. 949, 5 C. C. A. 347, 20 L. R. A. 582; Stephens v. Oklahoma City Ry. Co., 28 Okl. 340, 114 P. 611, 33 L. R. A. (N. S.) 1007; Andrews v. Kinsel, 114 Ga. 390, 40 S. E. 300, 88 Am. St. Rep. 25.

Following the rule stated, the defendant, though a wrongdoer in passing the plaintiff,

is not responsible to the plaintiff for the damages suffered by him.

In 22 R. C. L. p. 124, it is said:

"It has been held in many cases that a wrongdoer is not responsible for a consequence which is merely possible, according to occasional experience, but only for a consequence which is probable, according to ordinary and usual experience. The natural and probable consequences are those which human foresight can foresee, because they happen so frequently that they may be expected to happen again. The possible consequences are those which happen so infrequently that they are not expected to happen again. A man's responsibility for his negligence must end somewhere. As has been well said: 'One is bound to anticipate and provide against what usually happens and what is likely to happen; but it would impose too heavy a responsibility to hold him bound in like manner to guard against what is unusual and unlikely to happen, or what, as it is sometimes said, is only remotely and slightly probable.' Even where the highest degree of care is demanded, still the one from whom it is due is bound to guard only against those occurrences which can reasonably be anticipated by the utmost foresight. Again, an effect is sometimes the result of many fortuitous circumstances, no one of which can be fairly said to have been its proximate or moving cause; in other words, it is an accident—a result that no one knowing the circumstances before the catastrophe could have reasonably anticipated, if an injury is the result of such an accident, there can be no recovery by the person injured."

Stephens v. Oklahoma City Ry. Co. supra, is a case involving the liability of a street car company for personal injuries suffered by one under circumstances very much like those in the present case. In that case the court said:

"Can it be said that the agent of the street railway company ought to have foreseen and anticipated the probable result of his negligence? This question must be answered in the negative. Personal injury is not one of the consequences that naturally follow missing a street car. Ordinarily no serious consequences flow from such a mishap. Cars usually run within a few minutes of each other, no appreciable time is lost, and the fare is always a matter of small consequence. If it were not for the terrible calamity that overtook the plaintiffs in this case, their actual damages would probably not greatly exceed the value of the unused transfer tickets."

In the case from which we have just quoted, the party presented himself for passage, as did the plaintiff in the present case, and the motorman passed by him without stopping, and a vehicle driven by a third party was driven against him, which resulted in his injury.

[3, 4] It is a general rule that, where a statute or municipal ordinance imposes upon any person a specific duty for the benefit of others, if he neglects to perform such duty, he is liable to those for whose benefit it was imposed for any injuries of the character which the statute or ordinance was designed to prevent, and which were proximately produced by such neglect, but, to render such person liable solely because of such neglect, the injury complained of must be such as the legislation was intended to prevent. A showing only that such person neglected a duty imposed by law, and that the injured party would not have been injured if the duty had been performed, would not entitle such party to a recovery. Although a violation of a statute is negligence per se, there must be a causal connection between the unlawful act and the injury, which must be shown in the pleading and by proof, or the action must fail.

In 20 R. C. L. § 37, p. 43, it is said:

"If the injury complained of is a natural and probable consequence of a violation of the statute, then that violation is correctly taken as the proximate cause of the injury. If the very injury has happened which was intended to be prevented by the statute law, the injury must be considered as directly caused by the nonobservance of the law. But, if the injury is one that happened by causes independent of the violation of the statute, it is not actionable on the basis of that violation. If an intervening event, against which the statute evidently did not intend to provide, and the appearance of which was not anticipated by the spirit and purpose of the act, has in fact caused the injury, that event is plainly the proximate cause."

[5] The law in the present cases pleaded by appellant (section 1287), requiring operatives of street cars to stop their cars at the places designated to discharge and take on passengers, was obviously passed to enable passengers to leave or go on the cars, and it is manifest, we think, that the makers of such law had no intention that such law should be construed as one to protect a person from being struck by a vehicle which might follow the street car.

[6] Section 1287d of the Ordinances of the city of Houston, pleaded by plaintiff, which provides that every person in charge of a vehicle approaching any street car which has stopped to take on or discharge passengers must not approach nearer than ten feet to such car until such passengers have been taken on and discharged and the gates to such car closed, manifestly imposes no duty upon the street car company.

Section 1287, requiring street cars to stop to take on and discharge passengers, was manifestly not intended to prevent injuries such as is complained of in the present case. While it is the duty of the operative of a street car to observe the law and stop his car for taking on and discharging passengers, it cannot be supposed that he should anticipate that, should he not so stop, an automobile might run against and injure a person presenting himself for passage. He is, as already said, required to stop to take on or discharge passengers and not to stop for the purpose of preventing one desiring to take

passage from being injured by a vehicle which might probably be following the car. There is no law that requires an operative of a street car to ascertain whether a vehicle is following his car, to the end that he might stop his car to prevent an approaching vehicle from injuring a person. Such was not the purpose of the passage of section 1287 of the Ordinance above mentioned.

Having reached the conclusion that the trial court properly sustained the general demurrer to the plaintiff's petition, the judgment is affirmed.

Affirmed.