EL PASO ELECTRIC COMPANY V. CLARA BARKER.

No. 7439. Decided March 6, 1940.
(137 S. W., 2d Series, 17.)

*Brown & Brooke,* of El Paso, for plaintiff in error.

The burden rested upon the plaintiff to show that it was negligence on the part of defendant in not maintaining a side arm to the seats in its buses, when the evidence was to the effect that the bus was constructed according to the usual

custom of construction buses. Morton v. Michigan Cent. R. R. Co. 84 S. W. (2d) 288; Walstrom Optical Co. v. Miller 59 S. W. (2d) 895; 30 Tex. Jur. 738.

*Wilchar & Wilchar,* of El Paso, for defendant in error.

On the above proposition cited: Walgreen Texas Co. v. Shivers, 131 S. W. (2d) 650; Henry v. Public Theaters, 25 S. W. (2d) 695; Guillot v. Halman, 91 S. W. (2d) 402.

MR. JUDGE GERMAN delivered the opinion of Commission of Appeals, Section A.

This suit was instituted by the defendant in error, Clara Barker, against the El Paso Electric Company, to recover damages for personal injuries received by her while riding as a passenger in one of the motor buses operated by the company in transporting passengers in the City of El Paso. The case was tried before a jury on special issues, resulting in a judgment for Mrs. Barker for damages in the sum of $5000. The company appealed and the Court of Civil Appeals affirmed the trial court's judgment. 116 S. W. (2d) 433. The company has been granted the writ of error. The parties will be designated as in the trial court.

It appears in testimony that plaintiff got aboard the bus in question and sat down on a seat provided for passengers. This seat was in the front end of the bus, on the right hand side of the aisle. She occupied the portion of the seat next to the aisle. Another passenger was occupying the other portion. The seat had no side arm at the end next to the aisle. As the bus was turning a corner to the right at a street intersection, plaintiff, who was a woman of short stature, slipped off the seat into the aisle and was injured.

Two grounds of negligence were submitted to the jury:

1. That in making a turn at the corner of certain streets in the City of El Paso the bus was driven at a fast, negligent and excessive rate of speed. In answer to Special Issue No. 2 the jury found that the bus was not being driven at an excessive rate of speed under the circumstances. This ground therefore has gone out of the case.

2. The other ground which was submitted to the jury was set out in plaintiff's petition in this language:

"That defendant was negligent in failing to provide its passengers with safe seats in which to ride, and especially a pas-

senger of plaintiff's size, she being a woman of small stature, in that there was no guard rail in front, and in that the defendant did not have an arm on the outside of said seat that would prevent a passenger of plaintiff's size from being thrown in the aisle of said bus, in the event of its swerving suddenly to the right without warning, as was done by the defendant."

In connection with this ground of negligence the court submitted the following issues:

"Do you find from a preponderance of the evidence that the seat in defendant's bus occupied by plaintiff, was without a side arm on the outside of said seat, to prevent a passenger being thrown therefrom?"

To this the jury answered "Yes."

"Do you find from a preponderance of the evidence that it was negligence on the part of the defendant to fail to have provided the said seat with a side arm on the outside of same?"

To this issue the jury answered "Yes."

They further answered that this negligence was the proximate cause of plaintiff's injury.

The effect to be given these findings is to some extent determined by the finding to Special Issue No. 1 as follows:

"Do you find from a preponderance of the evidence that plaintiff was thrown from her seat in defendant's motor bus, by force incident to a turn to the right, occuring at the corner of Copia and Pera Streets?"

To this the jury answered "Yes."

■ As the jury has found that the turning the corner was the cause of plaintiff's fall to the floor of the bus, and has in effect found that the bus was not turned in a negligent manner, the real question presented is whether or not plaintiff made any proof to sustain her allegation that it was negligent not to have an arm upon the seat. As we view the evidence, there was no proof to show that defendant owed plaintiff the duty of providing for her a seat with an arm. We are further of the opinion that the mere happening of the accident is not proof that defendant owed this duty.

■■ Plaintiff having alleged that there was negligence in failing to have an arm on the seat, it was incumbent upon her to produce evidence to show prima facie that defendant owed the

duty of constructing seats with arms. There was no proof whatever upon this point. The only circumstances that existed tending to show such duty is the fact that if there had been an arm upon the seat plaintiff would not have slipped off same. This proves nothing as regards the *duty* of placing an arm upon the seat. The case falls squarely within the rule stated by Shearman and Redfield, quoted with approval by Thompson on Negligence, Volume 3, p. 220. Speaking of the character of proof essential in such a situation, it is said, "There must be *prima facie proof* that the proximate cause of such injury was a want of something which, *as a general rule,* the carrier was *bound to supply,* or the presence of something which ,as a general rule, the carrier was bound to keep out of the way." (Emphasis partly by author.) It should be conceded that jurors have a right to conclude that it was negligence not to have an arm upon the seat, merely because the presence of an arm might have prevented a fall from the seat, the conclusion would necessarily follow that another jury might conclude that some other injury would not have occurred but for the presence of the arm upon the seat; so that it could be said with the same certainty, based upon the same circumstances, that it was negligence to have the arm upon the seat. We have therefore concluded that there was a lack of proof showing that the absence of an arm constituted "something improper or unsafe in defendant's appliances of transportation." See Section 2757, Thompson on Negligence.

Defendant strongly contends that as it was conclusively shown that its bus, as regards a side arm on the seat, was constructed as buses are usually and ordinarily constructed, this established as a matter of law there was no negligence on its part. As the only evidence in regard to the construction of buses was by one of the officials of the company, for this reason, if no other, it cannot be said to have conclusively established lack of negligence.

There was undoubtedly misconduct upon the part of the jury which amounted to reversible error, but as such will probably not happen in the event of another trial, it is unnecessary to discuss same.

The judgments of the Court of Civil Appeals and of the trial court are reversed and the cause is remanded.

Opinion adopted by the Supreme Court March 6, 1940.