## BONNER v. MERCANTILE NAT. BANK OF DALLAS.

### No. 2732.

Court of Civil Appeals of Texas. Waco.
June 26, 1947.

Rehearing Denied July 17, 1947.

Chaney & Davenport, of Dallas, for appellant.

Malone, Lipscomb, Seay & Shuford, of Dallas, for appellee.

HALE, Justice.

Appellant sued appellee for damages on account of personal injuries sustained by her when she fell while descending a stairway leading from the banking floor level to the lobby floor of appellee's building. She had ascended from the lobby to the banking floor by means of an escalator for the purpose of cashing a check. By the time she had cashed her check the regular hours for the transaction of business with the bank had ended, the escalator had been stopped and by reason thereof appellant chose the stairway in question as a means of descent. In her trial petition she alleged as her grounds of recovery that appellee was negligent (1) in maintaining the stairway upon which she fell in a slippery condition and (2) in failing to provide a handrail across the landing of the stairway, and that such negligence, in each particular, was a proximate cause of her injuries and damages. Appellee answered with a general denial and with pleas of

contributory negligence and unavoidable accident.

The case was tried before a jury. Upon the conclusion of the evidence it was submitted on special issues, in response to which the jury found that the stairway in question was not maintained in a slippery condition; that appellee's failure to provide a hand-rail across the landing of the stairway was not negligence; that appellant was not guilty of contributory negligence in any of the particulars submitted; that appellant's injuries were the result of an unavoidable accident; and that her compensatory damages were none. Thereupon the court rendered judgment that appellant take nothing.

Appellant presents the first and second points in her brief together. She thereby says the court below erred (1) in refusing to permit her to testify that she would not have gone up to the bank floor level had she known the escalator would be stopped and (2) in refusing to submit her theory of negligence based upon her allegations of appellee's implied agreement to furnish escalator service for her use in leaving the building.

During the trial of the case appellant filed a trial amendment over appellee's protest, in which she alleged that appellee "impliedly agreed to carry plaintiff from the first floor of the bank to the banking floor and back, which said implied agreement the defendant failed and refused to perform when it stopped its said escalators, and as a result of said breach of its implied agreement, the plaintiff was injured and damaged as alleged in her Second Amended Original Petition." While appellant was testifying in her own behalf, her counsel propounded to her the following question: "Would you have gone up there if the escalators had not been running?" The court sustained objection to this question and appellant excepted. Upon the conclusion of the evidence appellant seasonably requested the court to submit to the jury for its determination the issue as to whether appellee was negligent in stopping its escalators before appellant left the bank, and, if so, as to whether such negligence was a proximate cause of her in-juries and damages. These requested issues were refused and appellant excepted.

In our opinion no reversible error is shown under appellant's first or second point, or under the two points combined. Appellant did not allege in her petition or trial amendment that she would not have ascended to the banking floor of appellee's building if the escalators had not been running, or that the act of appellee in stopping its escalators constituted negligence, or that such negligence was a proximate cause of her injuries. But if she had expressly alleged such facts and if she had been permitted to testify that she would not have ascended to the banking floor had the escalators not been running, we do not think such pleadings and evidence, when considered in the light of the entire record, would have entitled her to a submission of the requested issues. The undisputed evidence discloses that appellee furnished to its customers several elevators and two stairways for the purpose of entering and leaving its building, all of which were available to appellant at and prior to the time she sustained her injuries. The jury found in effect that the stairway selected by appellant afforded her a reasonably safe means of exit. We find no evidence showing or tending to show that appellee knew or ought to have known or foreseen that any injury or harm might result to appellant or to any of its customers on account of stopping its escalators. Consequently, under the circumstances shown, we have concluded that appellee's conduct in stopping its escalators could not in law constitute actionable negligence on its part. Tex.Jur.Vol. 30, p. 866, sec. 182; El Paso Electric Co. v. Portillo, Tex.Civ.App., 37 S.W.2d 219, pts. 9-10 and authorities; El Paso Electric Co. v. Barker, 134 Tex. 496, 137 S.W.2d 17; Robinson v. Gunter Hotel Corp., Tex.Civ.App., 173 S.W.2d 318, error refused.

In all events, it appears to us that the act of appellee in stopping its escalators merely contributed to bringing about the conditions under which appellant sustained her injuries and hence such act, even though it be regarded as wrongful, was too remote as a matter of law from the injur-

**782**

ious consequences of which complaint is here made for the former to constitute a proximate cause of the latter. Franklin v. Houston Electric Co., Tex.Civ.App., 286 S.W. 578; Carey v. Pure Distributing Corp., 133 Tex. 31, 124 S.W.2d 847; Phoenix Refining Co. v. Tips, 125 Tex. 69, 81 S.W.2d 60; Missouri-Kansas-Texas R. Co. of Texas v. McLain, Tex. Com. App., 105 S.W.2d 206; Wm. Cameron & Co. v. Thompson, Tex.Civ.App., 175 S.W.2d 307, error refused.

Under other points in her brief, appellant says the court below erred in refusing to permit her to testify to the slippery condition of other steps in comparison with that of the steps upon which she fell, in permitting a portion of the Building Code of the City of Dallas to be introduced in evidence and in permitting appellee's witnesses to testify that they experienced no difficulty in the use of the stairway in question. We cannot agree with any of the contentions thus urged.

 The "other steps" about which appellant was interrogated were not identified, and no effort was made to show that the conditions under which she had observed or used such other steps were in any way similar to the conditions existing at the time when she was using the steps upon which she fell. Tex. Jur. Vol. 17, pp. 401 et seq, sec. 142, and authorities.

The portion of the Building Code which was admitted in evidence had been pleaded by appellee in haec verba and no objection was interposed thereto. Since the testimony introduced on behalf of appellee tended to show that it had not constructed or maintained its stairway in a negligent manner, as alleged by appellant, but had complied with the Code in the construction and maintenance thereof, we think the provisions of the Code constituted relevant and material evidence on the issues raised by the pleadings. Tex.Jur. Vol. 17, pp. 336 et sq., sec. 105, and authorities; Stedman-Fruit Co. v. Smith, Tex. Civ. App., 28 S.W.2d 622, pts. 18-19, error dismissed; Great Atlantic & Pacific Tea Co. v. Garner, Tex. Civ. App., 170 S.W.2d 502, pt. 7, error refused.

Appellant pleaded and testified in her own behalf that the stairway upon which she fell was maintained in a highly polished and glazed condition which rendered the steps slippery. The witnesses who testified on appellee's behalf to the effect that they experienced no difficulty in the use of the stairway were not present at the time when appellant sustained her injuries and hence they did not testify as to the exact condition of the steps at that time. However, we think the similarity of the prevailing conditions on both occasions was sufficiently shown to render their testimony admissible and the dissimilarity of such conditions, if any, was relevant to the weight to be given to their testimony rather than to the admissibility thereof. Southern Kansas Railway Co. of Texas v. Butler, 61 Tex. Civ. App. 617, 131 S.W. 240, pt. 1; Traders' & General Ins. Co. v. Hurst et al., Tex. Civ. App., 55 S.W.2d 1057, pt. 8, error dismissed.

Therefore, all of appellant's points are overruled and the judgment of the trial court is affirmed.