**SEARS, ROEBUCK & CO. v. KENGLA.**

No. 5013.

Court of Civil Appeals of Texas.

El Paso.

March 17, 1954.

Rehearing Denied April 7, 1954.

Jones, Hardie, Grambling & Howell, Harold Sims, El Paso, for appellant.

Guinn & Guinn, El Paso, for appellee.

McGILL, Justice.

Appellant's statement of the nature and result of the suit is admirable for its brevity and accuracy. It is accepted by appellee as substantially correct, and is adopted by us:

"This is a damage suit for personal injuries. Appellee claimed that she fell down in the street in front of Appellant's premises while walking around Appellant's motor truck which was backed up to the curb unloading merchandise on a ramp across the sidewalk. The case was tried to a jury on special issues; judgment on the verdict was rendered in Appellee's favor for $8,000.00; Appellant therefore perfected this appeal."

Appellant has presented and briefed twenty points. One point is that the court erred in holding in effect that the jury's answer to Question No. 1 submitted to them to effect that just prior to the accident defendant's employees while unloading defendant's truck were blocking the sidewalk in front of 2868 Pershing Drive with a package conveyancer showed a violation of an ordinance of the City of El Paso and

constituted negligence on the part of defendant as a matter of law, and in failing to submit the question of whether such conduct of defendant under the circumstances was negligence. The ordinance provides:

"It shall be unlawful for anyone to place any barrel or barrels, box or boxes or other articles or substance on any sidewalk in this City so as to obstruct the passage along such sidewalk or any part thereof. No one shall have or maintain any fruit stand, huckster stand or other stand or stalls on any sidewalk in this City except first obtaining permit from the Council."

The plaintiff, who lived in the 2700 block on Montana Street, had walked up Montana and then up Birch to Pershing 'Drive, up Pershing past 2868, across Piedras and down Pershing to the Food Mart, where she had purchased some groceries. Upon returning she noticed appellant's truck backed up to the curb on Pershing in front of 2868 Pershing, with a conveyancer across the sidewalk where it was unloading merchandise. The evidence shows that defendant had leased the building at 2868 Pershing and was using it as a storeroom for Christmas toys, and frequently used the sidewalk for unloading toys so as to get them into the building, as was being done at the time the plaintiff was injured. Plaintiff on approaching the truck walked around its front in the street and upon her attempting to return to the sidewalk, turned her ankle in a rough place in the street and broke her leg. The jury awarded her $8,000 as damages.

■ The first question that presents itself to us is whether the obstruction of the sidewalk by defendant was within the purview of the ordinance so that defendant violated the ordinance by such obstruction, and its doing so constituted negligence as a matter of law. Whether the violation of an ordinance or statute can be held to be negligence as a matter of law depends at least in part on whether a purpose of the ordinance was to afford protection against the hazard involved in the particular case.

East Texas Motor Freight Lines v. Loftis, 148 Tex. 242, 223 S.W.2d 613. It would be a harsh and unreasonable construction of the ordinance here involved to so construe it as to absolutely prohibit the owners of abutting property from use of the sidewalk for ingress and egress of the property necessary to render the use of the abutting owner's property possible. Such a construction would render the ordinance at least of doubtful constitutionality since the abutting owner has the right of access to his property. 39 Tex.Jur. Sec. 56. We think the purpose of the ordinance was to have no such far-reaching effect, and that it was a question of fact whether under all the circumstances such obstruction constituted negligence on the part of defendant. Such finding was necessary to maintain plaintiff's case, and the fact that defendant requested no such issue is immaterial. Rule 279, T.R.C.P. It is therefore ordered that the judgment of the trial court be reversed and the cause remanded for another trial.