SKILLERN & SONS, Inc., Appellant,

v.

Mary T. PAXTON, Appellee.

No. 3236.

Court of Civil Appeals of Texas. Eastland.

Aug. 10, 1956.

Rehearing Denied Sept. 21, 1956.

Strasburger, Price, Kelton, Miller & Martin, Dallas, for appellant.

Saner, Jack, Sallinger & Nichols, Dallas, for appellee.

COLLINGS, Justice.

This suit was brought by Mrs. Mary T. Paxton against Skillern & Sons, Inc., seeking damages for personal injuries alleged to have been sustained by Mrs. Paxton in a fall while leaving the Skillern drug store located in the Mercantile Bank Building in Dallas, Texas.

It was alleged by Mrs. Paxton that on or about December 4, 1953, while she was ninety-four years of age, she entered defendant's drug store at the corner of Main and Ervay Streets through a revolving door; that she went into the store for the purpose of doing her Christmas shopping. She alleged that there was a revolving door and a hinged door at the entrance to defendant's store, but that the hinged door was not at the time available to be used by her because the defendant had locked it and had magazine racks placed in front of said door. She alleged that on account of her age she did not ordinarily use, and on the occasion in question would not have used, the revolving door but for the fact that the hinged door was not available. She alleged that in leaving defendant's store through the revolving door, which was the only one furnished for her use, she was caused to fall upon the concrete sidewalk and thereby suffered serious and permanent injury to her body and sustained damage in the sum of $35,000. Mrs. Paxton further alleged, among other things, that her said injury and damage was proximately caused by the negligent acts and omissions of the defendant (1) in having its hinged entrance door locked, (2) in having magazine racks placed in front of said hinged door and (3) in not having available for its customers an exit other than the revolving door. In this connection plaintiff also urged that Skillern & Sons, Inc., was guilty of negligence as a matter of law because of its violation of an ordinance of the City of Dallas required a swinging door to be maintained adjacent to a revolving door.

Upon a trial of the case before a jury it was found that the defendant was guilty of negligence in all the respects above set out, that such negligent acts and omissions were the proximate cause of plaintiff's injury and resulting damage in the amount of $16,000. Skillern & Sons, Inc., has appealed.

In numerous points appellant Skillern & Sons, Inc., contends that it was not guilty of any negligence proximately causing appellee's injury and resulting damage. Appellant urges that the evidence does not show any defect in the revolving door or in its maintenance, use and operation. Appellant urges that the evidence viewed in its most favorable light to Mrs. Paxton shows no more than the locking or obstructing of the swinging door forced her to go through a revolving door in which the evidence shows no defect in construction, maintenance, use or operation. Appellant contends that such evidence does not show it to be guilty of any negligence proximately causing appellee's injury and resulting damage; that as a matter of law no actionable negligence was shown against appellant and that the trial court erred in not granting appellant's motion for an instructed verdict.

The building code of the City of Dallas in its entirety was offered in evidence. Section 3314 of the code provides as follows:

"Revolving doors may be used as a means of exit at the ground floor only, for any occupancy except a, b, c, or d. In no case shall revolving doors constitute the full required exit width, but such doors when used,

shall be supplemented by at least one hinged door located immediately adjacent to the revolving door.

"The wings of revolving doors shall be arranged so that they will fold flat on each other in an outward direction when a force slightly more than necessary to revolve the door is applied. A minimum width of not less then twenty inches (20″) shall be maintained on each side of the doors when collapsed and only this width shall be used in determining the width of the exit through such doors."

It is undisputed that appellant Skillern & Sons did not have available for its customers an exit at its sidewalk entrance other than the revolving door. There was a hinged door adjacent to the revolving door but it was at the time locked and magazine racks were stacked in front of it. The basis of the judgment appealed from is that appellant's failure to furnish an exit other than the revolving door constituted negligence proximately causing appellee's injury and damage. Appellee urges in effect that appellant's failure to furnish an exit other than the revolving door was negligence per se because it was a violation of the above quoted provision of the city ordinance. Appellee also urges that such failure was negligence because of the jury finding supported by evidence to that effect.

▇▇▇ Under the facts of this case we are unable to agree with appellee's contention that the failure to furnish an exit other than the revolving door was negligence per se. Generally speaking, the test in determining whether the violation of an ordinance or statute is to be held negligence as a matter of law is whether one of the purposes of the ordinance was to afford protection against the hazard involved in the particular case. East Texas Motor Freight Lines v. Loftis, 148 Tex. 242, 223 S.W.2d 613. Restatement of the Law, Torts, § 286, p. 756. In our opinion the ordinance in question requiring that re-

volving doors be supplemented by at least one hinged door was designed as a provision for public safety to insure a means of exit in case of an emergency such as fire. The second paragraph of the above quoted provision of the ordinance indicates such a design and purpose by the requirement that the wings of the folding doors should be so arranged "that they will fold flat on each other in an outward direction when a force slightly more than necessary to revolve the door is applied." The purpose of this provision obviously is to prevent an obstruction of the exits in an emergency. The most reasonable interpretation of the ordinance is that the provision requiring supplementary hinged doors was for the same purpose. The ordinance specifically permits the use of revolving doors on the ground floor. This authorization is an approval by the city legislators of the revolving doors for ordinary use. To hold that the furnishing of revolving doors only was under ordinary circumstances negligence as a matter of law would be inconsistent with the general approval of such doors. The purpose of the provision for supplementary hinged doors was not to protect individuals or the public from the hazards of ordinary use of revolving doors, but was for the purpose of protection against the hazard of obstruction of ground floor exits in cases of emergency, such as fire. The failure of appellant to have available for appellee's use the hinged door adjacent to the revolving door was under the facts of this case not negligence per se. Leonard Bros. v. Zachary, Tex.Civ.App., 94 S.W.2d 509; Franklin v. Houston Electric Co., Tex.Civ.App., 286 S.W. 578; Sears Roebuck & Co. v. Kengla, Tex.Civ.App., 266 S.W.2d 548.

▇▇▇ We are also of the opinion that as a matter of law the evidence shows no actionable negligence against appellant and that the trial court erred in not granting appellant's motion for instructed verdict. The essential elements of actionable negligence are (1) a duty, (2) a breach of that duty and (3) a resulting injury. 30-B Tex.

Jur. 174; 65 C.J.S., Negligence, §§ 1, 2, pp. 324, 325.

A business establishment such as the drug store operated by appellant owes the duty to its customers to exercise ordinary care to maintain a reasonably safe means of entrance to and exit from its store. Hall v. Medical Building of Houston, 151 Tex. 425, 251 S.W.2d 497, 500, and cases cited; Dawes v. J. C. Penney, Tex.Civ. App., 236 S.W.2d 624, N.R.E.; San Antonio Hermann Sons Home Association v. Harvey, Tex.Civ.App., 256 S.W.2d 906, 912, N.R.E.; 65 C.J.S., Negligence, § 48, p. 538.

There is no evidence in the record that appellant did not comply with its duty to exercise ordinary care to furnish a reasonably safe exit from its store. Under the undisputed evidence the revolving door in question was of a type that is in general use in various kinds of buildings and business establishments. There is no evidence of any defect in its structure, condition or operation. Mrs. Paxton testified that at the time she was leaving appellant's store through the revolving door a man was entering the store through the other side of the door; that the man was much heavier than she and pushed the door with such force and speed that she lost her balance and fell. The fact that Mrs. Paxton fell under such circumstances does not establish appellant's liability for the resulting injury sustained by her. It has been held that the owner of a business establishment who has a revolving door as a means of exit is not liable for injury and damage to a customer caused by the action of another in passing through and propelling the door at a greater rate of speed. Wiedanz v. May Department Stores Co., Mo.App., 156 S.W.2d 44.

Appellant owed its customer, Mrs. Paxton, the duty to protect her against any unreasonable risk to her safety "the danger of which would not be open or obvious to a person exercising ordinary care." Houston National Bank v. Adair, 146 Tex. 387, 207 S.W.2d 374, 376. Of course there is some danger involved in the use of any type of door. The evidence indicates that appellant's reason for keeping its swinging or hinged door closed was a dangerous condition caused by strong prevailing wind currents which made the door difficult to control. There is obviously some element of risk involved in the use of a revolving door when others are using the door at the same time. This risk, however, is not an unreasonable risk. The danger to persons using the revolving door caused by others moving the door at a greater speed was guarded against by appellant. The door was provided with a governor to keep it from being moved at an unreasonable speed. But in any event the door was of a type in general use in numerous business establishments and the danger involved was that which is obviously inherent in the use of the door. The danger involved was not a hidden one. It was as obvious to Mrs. Paxton as it was to appellant. In 30-B Tex. Jur. 255, it is stated that, "There is no liability to invitee for injuries from dangers that are obvious, or as well known to the person injured, as to the owner or occupant." Also see Franklin v. Galveston, Tex.Civ.App., 256 S.W.2d 997, Error Ref. The owner of premises is liable to invitees only for injuries resulting from hidden and unknown defects. Hausman Packing Co. v. Badwey, Tex.Civ.App., 147 S.W.2d 856, Error Ref.; Stamford Oil Mill Company v. Barnes, 103 Tex. 409, 128 S.W. 375, 31 L.R.A.,N.S., 1218; Blaugrund v. Paulk, Tex.Civ.App., 203 S.W.2d 947, N.R.E.

Mrs. Paxton testified that she did not like revolving doors and always tried to use a regular door rather than a revolving door. She indicated that she would have been able to walk safely through the revolving door except for the fact that the man speeded it up. Mrs. Paxton as a customer in appellant's store assumed the normal and ordinary risk involved in the use of the door by the general public. This risk was obvious or should have been obvious in the exercise of reasonable care.

Nothing is shown to have wrong with the door furnished for Mrs. Paxton's use. Although there is evidence of an element of risk, there is no evidence that the revolving door was not reasonably safe for use. Having furnished a reasonably safe revolving door for the use of its customers appellant was not, under the facts of this case, required to furnish another reasonably safe means of exit. Bonner v. Mercantile National Bank of Dallas, Tex.Civ. App., 203 S.W.2d 780, N.R.E. The evidence does not raise an issue of fact as to negligence on the part of appellant. The trial court erred in not sustaining appellant's motion for an instructed verdict. Stimpson v. Bartex Pipe Line Co., 120 Tex. 232, 36 S.W.2d 473; Marshall v. San Jacinto Bldg., Inc., Tex.Civ.App., 67 S.W.2d 372, Error Ref.; A. C. Burton Co., Inc. v. Stasny, Tex.Civ.App., 223 S.W.2d 310, Error Ref., Russell v. Liggett Drug Co., Inc., Tex.Civ. App., 153 S.W.2d 231, Error Ref. W. M.

The judgment of the trial court is reversed and judgment is here rendered in favor of appellant Skillern & Sons, Inc.