**J. T. CARRELL et al., Appellants,**

**v.**

**Thelma WILLIAMS, Appellee.**

**No. 4716.**

Court of Civil Appeals of Texas.

Waco.

July 11, 1968.

Rehearing Denied Aug. 1, 1968.

Jackson, Walker, Winstead, Cantwell & Miller, Jack Pew, Jr., Ralph E. Hartman, Dallas, for appellants.

Fred Moore, Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendants from a judgment for plaintiff in a slip and fall case.

Plaintiff Williams sued defendants Harbin and Carrell, owners of a parking lot adjoining a shopping center, for damages for personal injuries sustained by her, when she slipped and fell on a sloping asphalt surface, which leads from the sidewalk down to the area where she had parked her car. Plaintiff testified she slipped on a spot of oil or grease on the slope, and was not certain whether the steepness of the slope or the oil or grease, or both, caused her to fall.

Trial was to a jury which found:

1) The slope on the parking area was in a slick condition on the occasion when plaintiff fell.

2) Defendants were not aware of the slick condition at the place where plaintiff fell.

16) Defendants failed to provide ramps or other special walkways, as would have been provided by a person of ordinary prudence, in the exercise of ordinary care, under the same or similar circumstances.

17) Such failure was a proximate cause of the accident in question.

17A) Defendants failed to use ordinary care in discovering the slick condition of the slope at the place plaintiff fell.

17B) Such failure to use ordinary care by defendants to discover the slick condition of the slope, was a proximate cause of plaintiff's falling on the occasion in question.

18, 20, 22) The damage issues were answered in a total sum of $21,082.83.

The trial court entered judgment on the verdict for plaintiff.

Defendants appeal on 19 points, contending among other things:

1) There is no evidence, or insufficient evidence, to support the plaintiff's theory of recovery as submitted by Issues 16 and 17, that defendants were negligent and

proximately caused plaintiff to fall by failing to "provide ramps or other special walkways".

2) There is no evidence to support plaintiff's theory of recovery as submitted by Issues 17A and 17B, that defendants were negligent and proximately caused plaintiff's fall by failing to keep the parking lot "free from slick spots, which would accumulate, which defendants were unaware of".

3) There is no evidence, or insufficient evidence, to support the jury's answers to Issues 16 and 17, and such answers are against the great weight and preponderance of the evidence.

4) There is no evidence, or insufficient evidence, to support the jury's answers to Issues 17A and 17B, and such answers are against the great weight and preponderance of the evidence.

We revert to contentions 1 and 3. The jury found in answer to Issues 16 and 17, that defendants "failed to provide ramps or other special walkways as would have been provided by a person of ordinary prudence in the exercise of ordinary care under the same or similar circumstances", and that "such failure was a proximate cause of the accident."

■ Plaintiff parked her car on the parking lot and went into Skillerns Drug Store. When she came out she came down the incline, and slipped and fell. Plaintiff fell in an area which was not a special walkway or rampway. But plaintiff has shown no statutory duty on the part of defendants to provide ramps or special walkways; and we know of no such common law duty. Moreover, the absence of any ramp or special walkway up the slight incline was open and obvious to plaintiff.

■ Further, the mere happening of the accident is not proof that defendant owed the duty to provide ramps or special walkways. There must be prima facie proof that the proximate cause of the inju-

ry was a want of something which as a *general rule* defendant was bound to supply. We know of no such general rule as applied to ramps or special walkways on a slightly sloping parking lot, and no citation of such has been provided us. See El Paso Electric Co. v. Barker, 134 Tex. 496, 137 S.W.2d 17; Robinson v. Gunter Hotel Corp., Tex.Civ.App., Er. Ref., 173 S.W.2d 318; Skillern & Sons, Inc. v. Paxton, Tex.Civ.App., n. r. e., 293 S.W.2d 521.

Contentions 1 and 3 are sustained.

Contention 4 is referable to findings 17A and 17B that "defendants failed to use ordinary care in discovering the slick condition of the slope at the place where plaintiff fell", and that such was a proximate cause of the accident.

The jury found that the slope where plaintiff fell was slick; but that defendants were not aware of the slick condition on the occasion when plaintiff fell. Plaintiff testified she slipped on oil or grease. We find no evidence in this record as to how long the oil or grease had been at the spot where plaintiff fell.

■ It is settled that in a slip and fall case it is incumbent on plaintiff to establish 1) that defendant placed the foreign substance on the pavement, or 2) knew it was there and negligently failed to remove it, or 3) that it had been on the pavement for such period of time that it would have been discovered and removed by defendant in the exercise of ordinary care. H. E. Butt Grocery Co. v. Russell, Tex.Civ.App. (n. r. e.), 391 S.W.2d 571. Great Atlantic & Pacific Tea Co. v. Giles, Tex.Civ.App. (n. r. e.), 354 S.W.2d 410, 412; Sherwood v. Medical & Surgical Group, Inc., Tex. Civ.App., Er. Ref., 334 S.W.2d 520.

■ An indispensable element of the third ground above, is that the substance be on the pavement for such period of time that ordinary care in making an inspection would have resulted in its discovery. R. E. Cox Dry Goods Co. v. Kellog, Tex.Civ. App., Er. Ref., 145 S.W.2d 675. 61 A.L.

R.2d 64 states the rule thusly: "Absent proof that the proprietor had notice of the dangerous floor condition, no liability attaches to the proprietor's failure to inspect the premises, unless the condition existed for such a length of time as to afford him an opportunity to inspect."

As noted, there is no evidence as to the length of time the oil or grease had been at the spot plaintiff slipped and fell, and hence no basis for imposing liability. Contention 4 is sustained.

Reversed and rendered.