Kathryn M. UPTON et vir., Appellants,

v.

TOWN & COUNTRY CLEANERS et al., Appellees.

No. 17824.

Court of Civil Appeals of Texas, Fort Worth.

April 7, 1977.

Rehearing Denied May 5, 1977.

Mock, Fleniken & Spurlock, Wm. J. Fleniken, Jr., of Fort Worth, for appellants.

Garrett, Settle & Callaway, and Phillip W. Gilbert, Forth Worth, for appellees.

## OPINION

HUGHES, Justice.

This is an appeal by Kathryn and William Upton, husband and wife, from a judgment non obstante veredicto in a "slip-and-fall" case. The Uptons filed this suit against Town & Country Cleaners No. 2 and Town & Country Cleaners, Inc. for personal injuries and damages after Kathryn fell on defendants' premises. For brevity we shall call the defendants "Cleaners."

The Uptons assert that the trial court erred:

First—In not rendering judgment for them on the basis of the jury verdict;

Second—In disregarding the jury finding that Cleaners, through agents, servants or employees, knew or should have known of the existence of accumulated gravel on their driveway;

Third—In disregarding the jury finding that Cleaners was negligent in failing to inspect the premises for the accumulation of gravel, or in failing to remove it; and

Fourth—In disregarding the jury finding that such negligence was a proximate cause of Kathryn's injuries.

Cleaners argues there was no evidence and, alternatively, insufficient evidence for the jury to have made the disregarded findings. By cross-points Cleaners also asserts that the trial court erred in failing to disregard the jury's finding that Cleaners created or maintained a dangerous condition on its premises through the alleged accumulation of gravel on its driveway.

We affirm.

Kathryn testified that she arrived in her car at Town & Country Cleaners No. 2 at 4 p.m. to return some clothes. She parked in the driveway in front of the building on the east side. She walked into the building and

had an exchange of words with the manager, Mrs. Marie Putt, over the cleaning of some slacks and a dress. She turned around and walked out of the building, the slacks and dress in hand; took three or four steps past the step-down to the east edge of the pavilion; slipped and fell on the concrete on her knee and hand. After she fell, she saw very small, colored gravel all over the concrete area where she lay. She saw the bone protruding from her knee and was unable to move herself. Gravel was removed from her knee at the hospital.

William testified to rushing to where his wife lay and to kneeling in the gravel by her side. Most of the gravel was of a color that blended in with the color of the paved surface. He also said that the pea-size gravel was scattered "broadcast" in the area where his wife lay and that he saw Dr. Kleuser remove a piece of gravel from her knee at the hospital. Further, William testified to an area of dirt, gravel and sand adjacent to the drive and about ten to twelve feet away from the scene of the accident as well as to a depression in the area between the concrete slab and the asphalt parts of the driveway. Both concrete and asphalt slanted downward toward the street.

All the other witnesses were employees of Cleaners. They either denied seeing any gravel or did not remember seeing any gravel where Kathryn fell. The maintenance man, Ben McKnight, testified to checking the area every day and sweeping and cleaning up the drive one to three times a week. He did not state whether he had checked the driveway that day before the accident, but did state that he checked the drive after Kathryn's fall and did not see any gravel. He also testified that he had never seen any significant build up of gravel on the driveway. Mrs. Putt testified that she had not checked his work that day.

■ To sustain the granting of a motion to disregard special issue findings, we must determine that there is no evidence on which the jury could have based its findings. We are under a duty to consider the testimony in this case in the light most favorable to the Uptons and to indulge every reasonable intendment and inference in support of the jury's findings. We must reject all evidence and inferences contrary to those findings. *Leyva v. Pacheco,* 163 Tex. 638, 358 S.W.2d 547 (1962); *Johnston Sales Company v. Lizana,* 513 S.W.2d 879 (Tex.Civ.App., Waco 1974, no writ).

■ However, the Uptons have the burden of proving either that Cleaners placed the gravel on the driveway or that Cleaners knew or should have known in the exercise of reasonable care, of the existence of the gravel before the accident and that it involved an unreasonable risk to invitees. *Carrell v. Williams,* 430 S.W.2d 586 (Tex. Civ.App., Waco 1968, writ ref'd n.r.e.); Restatement (Second) of Torts § 343 (1965).

■ So far as this record shows, Cleaners had no knowledge of the gravel on the driveway or any danger on the approach. Nor is there any evidence that suggests they ought to have known. *Camp v. J. H. Kirkpatrick Co.,* 250 S.W.2d 413 (Tex.Civ. App., San Antonio 1952, writ ref'd n.r.e.); *Marshall v. San Jacinto Bldg.,* 67 S.W.2d 372 (Tex.Civ.App., Beaumont 1933, writ ref'd.).

Nothing had ever occurred prior to the time of Kathryn's fall that should have served as a suggestion, warning, or notice to the owner of the presence of danger any different from or greater than existed elsewhere. *Camp v. J. H. Kirkpatrick Co.,* supra, 250 S.W.2d at 419.

Conceding, as we must, that there was gravel where Kathryn fell, we are compelled to hold that the Uptons have failed to make the necessary proof of negligence in Cleaners' failure to remove the gravel from the driveway.

We sustain, therefore, Cleaners' contention and the trial court's ruling that there is no evidence to support the jury's affirmative answers to the negligence issues. *J. Weingarten, Inc. v. Razey,* 426 S.W.2d 538 (Tex.1968). We overrule all of the Uptons' points of error.

We have examined Cleaners' cross-points and found them without merit. They are all overruled.

Judgment is affirmed.